**EXHIBIT 14**

# JUDICIAL NOTICE OF SECURED PARTY Malachi York El:©™'s LETTER FIRING THE GARLAND FIRM

Attorney Edward T.M. Garland, ESQ.
Manubir S. Arora, ESQ.
Attorneys At Law
3151 Maple Drive, N.E.
Atlanta, GA 30305.

December 29, 2003

Dear, SIR:

Please be advised, that this letter is to inform your office, that my family and I have for some time been concerned about the "ineffectiveness of counsel," provided by your firm.

There appears to be a misconception that my family had retained "additional attorneys" in this matter as support attorneys, but the fact of the matter, it was our intention that those attorneys become "replacement attorneys." It is our desire at this time to asked that your firm be relieve of it's representation of me as counsel of record in the upcoming federal trial, as well as in all State trial proceedings.

The decision in withdrawing counsel, is based on what we feel is your firms failure to insure that, the now recused District Court Judge Hugh Lawson, moved on the defendants motion papers for an order requiring the U.S. Government to **"ADMIT OR DENY THE EXISTENCE OF OTHER INVESTIGATIONS AND POTENTIAL INDICTMENTS "  (See Exhibit A, attached motion of June 7, 2002, docket sheet tab #47 and defendants supporting statement);** In addition your firms lack of a strong and zealous representation in your handling of my Sovereign, Tribal and Secured Party issues before District Judge Lawson, on June 30, 2003, *(See Exhibit B, attached  June 30, 2003, transcript  pgs: 12, lines: 9 – 25, pgs: 13, lines: 1 – 25,  pgs: 14, lines: 1 – 9,  Atty Garland)*, and the competency hearing in which your firm had no standing to make before Judge Lawson, *(See Exhibit C, attached June 30, 2003, transcript pgs: 14, lines: 11 -25, pg: 15,*

1

*lines: 1-25, pgs:16, lines: 1-25, pgs:17, lines: 1-25 ,pgs: 18, lines:1-25 ), pg:19, lines:1-25,pg:20,lines:1-25, pg:21, lines: 1-25 – Atty. Arora)* .

In addition, my family and I acknowledges Attorneys Adrian Patrick, Esq., and Benjamin Davis, Esq., as our lead attorneys of record, and that the upcoming federal trial be "stayed" in the "Interest of Justice", to allow these attorneys time to review trial strategy, as well having all legal information, documents, etc, be turned over to them.

Inmate #17911-054

P.O. Box, 874
Gray, Ga. 31032

Adrian L. Patrick
Attorney For Defendant
1044 Baxter Street,
Athens, Georgia. 30601
(706) 546-6631

Benjamin A. Davis
Attorney for The Defendant
1201 Peachtree Street, Georgia 30361
(404) 233-0120

2

# EXHIBIT "A"

## Statement of the defendant
## And attach Docket Sheet tab#47

1. Defendant attorneys provided "ineffective assistance counsel" when attorneys placed into the court docket, a motion filed June 7, 2002, requiring the government to admit or deny the existence of other investigations and potential indictments. (See attach docket sheet tab#47)

2. The defendant's attorneys either knew or should have known that said motion had never been answered by District Court Judge Lawson, and failed in their duty as officers of the court and their duty to the defendant to investigate and/or make inquiries. As a result of the attorneys' breach of duty, the U.S. government was able to come in from the back door with indictment to forfeiture under the R.I.C.O. statute.

3. The defendant submits that while reviewing the docket sheet tab #47, one can see that the tab #47 was mislabeled as a government motion, but in any event, Judge Lawson, the U.S. government as well as my attorneys known or should have known that a motion which was filed over a year ago, was never ruled on by a federal judge.

4. The defendant submits that Judge Lawson, the attorneys for the defense, and the government violated their 14th, 6th, and 1st amendment duty under the federal constitution of the United States.

5. I DEMAND, IN THE INTEREST OF JUSTICE, the Court conduct a hearing, for a determination of the above matter, and/or in the alternative, DISMISS THE SUPERSEDING INDICTMENT.

Inmate #17911-054
PO Box 874
Gray, GA 31032

# EXHIBIT "B"

**Due to ineffective assistance of counsel the Defendant's position to the Court concerning the district court's lack of jurisdiction, in addition to the "secured party" and "Tribal" status of the defendant, were not properly heard by Judge Lawson or properly entered in the record by the attorneys.**

During the opening of the hearing of June 30, 2003, Judge Lawson in his opening statement asserted that he had a meeting in his chambers with three individuals. In that meeting Judge Lawson claimed that he was offered materials at that meeting concerning what I knew as relevant "jurisdiction", "secured party" and "tribal" positions that were prepared to be argued before the court.
(See attached transcript pg: 2 line 7 – 25 and pg: 3 lines 1 – 6)

Attorney Garland in attempting to present the defendants positions on the record was apparently forced by Judge Lawson to abandon those positions being heard and placed in the court record, in spite of the fact that Judge Lawson and Atty. Garland known or should have known that in the court were three expert witnesses whom had earlier attempted to give written, documented, factual and legal information concerning my "jurisdictional" "secure party" and "tribal" positions. *(See attached June 30, 2003, transcript pgs: 12, lines: 9 – 25, pgs: 13, lines: 1 – 25, pgs: 14, lines: 1 – 9, Atty Garland).*

It is my belief, the Attorney Garland did not take my written positions before the court seriously, the distancing between Atty. Garland and my positions clearly demonstrated that Attorney Garland's prejudice against my position prevented Attorney Garland from defending me.

Atty. Garland could have simply requested to the court, that in the court, there were three expert witnesses that were in the court to testify on my behalf and that they should make a record before the court showing merit to my claim that the federal courts had no jurisdiction over me.

Inmate #1790-054
P.O. Box 874
Gray, Ga. 31032

# **EXHIBIT "C"**

**Due to ineffective assistance of counsel, the defendant was subjected to extreme duress as a result of Attorney Arora's motion to the court for a Competency Hearing, in which counsel had no standing to move the court for a competency hearing, based on counsel's reasons for it.**

I have always held, that Attorney Arora's motion before Federal District Lawson, for a competency hearing, had no merit, due to fact that the Federal Rules of Criminal Procedure Rule: 12.2 (c) the Atty. Arora relied on: **see attached transcript pg: 14 line 12 – 25)** which states in part: *"In an appropriate case the court may, upon motion of the "attorney for the government", order the defendant to submit to an examination pursuant to 18 U.S.C. 4241 or 4242."* Either Atty. Arora ceased being the Attorney for the defense and therefore became the *"attorney for the government"*, or Atty. Arora misapplied the above rule.

The application for Rule: 12.2 (c) under the **Advisory Committee Notes**, states in part: *"Rule 12.2 is designed to require a defendant to give notice prior to trial of his intention (1) to rely upon the defense of insanity or (2) to introduce expert testimony of mental disease or defect on the theory that such mental condition is inconsistent with the mental state required for the offense charged. THIS RULE DOES NOT DEAL WITH THE ISSUE OF MENTAL COMPETENCY TO STAND TRIAL."*

Clearly one can see that Rule 12.2 (c) was inapplicable to the defense, and the rule's only purpose was to service as a check and balance the government attorneys, if the defense attorneys were going to rely on an "insanity" defense.

Then all that it leaves are these questions:

1. Why did counsel for a defense use a misapplied federal rule, in their motion for a competency hearing in the first place?

1

2. Why did Federal Judge, who is learned in the law, and has high knowledge of the law grant the defense's motion pursuant to a misapplied rule?

Based on the available information that I have before me, i.e. the counsel motions, and the attached transcripts (*See Exhibit C, attached June 30, 2003, transcript pgs: 14, lines: 11-25, pg: 15, lines: 1-25, pgs: 16, lines: 1-25, pgs: 17, lines: 1-25, pgs: 18, lines: 1-25), pg: 19, lines: 1-25, pg: 20, lines: 1-25, pg: 21, lines: 1-25 – Atty. Arora)* Anyone of sound mind can clearly see that Judge Lawson, the U.S. Attorneys, and the Attorneys for the Defense are trying to SHUT ME AND MY LEGAL POSITIONS DOWN! So that I will never receive a proper hearing and witnesses before the court in raising my "Jurisdictional", "Secured Party" and "Tribal" issues before a court that really does not have jurisdiction to hear this case.

The so-called competency hearing was nothing more than an invisible gag order by the Federal District Courts. If there's an issue of incompetence, it so lies at the doorstep of my attorney's ineffective assistance of counsel.

Inmate #17911-054
P.O. Box, 874
Gray, Ga. 31032

2