# JUDICIAL NOTICE FOR THE 'ACCEPTANCE' ORDER, PURSUANT TO RULE 60

IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEBORAH YEHUDAH©™                    CIVIL ACTION No. 5:09-CV-68(HL)"et al"

**Noble: Deborah Yehudah:©™**

    **Plaintiff**

V.

UNITED STATES OF AMERICA,
CHARLES ASHLEY ROYAL, HUGH LAWSON

    **Defendants**

---

**RENEWAL CLAIM TO UNSEAL PROCEEDINGS, COURT DOCUMENTS, AND TRANSCRIPTS PERTAINING TO THE Restitution Hearing Order for the Consul General Malachi York El:©™, dated June 2nd, 2004**

---

**COMES NOW, I, Deborah Yehudah:©™,** in Propria Persona (Pro Per) filed a civil action claim on February 17th, 2009 pursuant to the Federal Rules of Civil Procedures Rule 3 to 'UNSEAL PROCEEDINGS, COURT DOCUMENTS, AND TRANSCRIPTS PERTAINING TO THE ORDERED RESTITUTION HEARING OF Malachi York:©™" under case numbers 5:02-CR-27-HL, and 5:02-CR-27-CAR. I paid a filing fee of $350 pursuant to the Courts Fee Schedule effective as October 1st 2008 on the United States District Court for the Middle District of Georgia website (http://www.gamd.uscourts.gov/fee_schedule.htm) for my public knowledge as a Public Notary. This file is made as a member of the public, and a public notary in my official capacity pursuant to the 1st and 6th Amendment of the Constitution, **5 U.S.C. § 552, and 42 U.S.C. § 1986.** Also my claim was and is to be construed liberally as a Pro Per litigant see

*Haines* v. *Kerner*, 404 U.S. 519 (1972), " Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995). "A Pro Se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."Hall V. Bellmon 935 F.2d 1106, 1110 (10th Cir.1991). " 'District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.' " Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985) (quoting Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir.1984)); see also Hall, 935 F.2d at 1111. Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"

Pursuant to 28 USC § 144 Judge Hugh Lawson must recuse himself as he is the judge that sealed these transcripts prior to the case being reassigned to the Honorable C. Ashley Royal after the recusal of the Honorable Hugh Lawson on **July 18, 2003**. ( See Docket [133]) Judge Hugh Lawson is in direct violation of the Judicial Misconduct and Disability Act by

1. Redirecting my file unlawfully in violation of the Fed. R. Civ. P. Rule 3, when my claim and remedy is the unsealing of a **<u>REDACTED</u>** version of **<u>ONLY</u>** the **Restitution Hearing Order for the Consul General Malachi York El:©™, dated June 2nd, 2004**

2. By assigning his self to this action when he has a personal bias and already recused himself from any dealings with the case file# 5:02-CR-27-CAR on July 18th, 2003. My claim is to be redirected to an Impartial judge to proceed in providing me remedy in the form of UNSEALING a redacted version of the **Restitution Hearing Order for the Consul General Malachi York El:©™, dated June 2nd, 2004**

This Claim was entered just as a motion was entered on **February 22, 2006** by the U.S. Attorney for the Middle District of Georgia that filed an uncontested motion entitled "**MOTION TO UNSEAL REDACTED TRIAL TRANSCRIPT**" requesting the court to unseal a redacted transcript of the Case Trial. See Docket [373] and on **March 2, 2006** a text only entry; no document issued as to The Honorable C. Ashley Royal issuing an order granting [373] Motion to Unseal Document (REDACTED TRIAL TRANSCRIPT) as to Dwight D. York (1). Signed by Judge C. Ashley Royal on 3/2/06. The court is again displaying a blatant violation of the Judicial Misconduct and Disability Act 28 USC § 144 and 28 USC § 455 biasness, prejudice, and partiality by granting the transcripts to be unsealed to the Government attorneys with no contest, but assigning my claim to a judge who has already shown partiality by recusing himself after sealing the exact same transcripts in request, offering me no remedy, and then issuing an order unlawfully redirecting my file to a case in which I am not named as a defendant or plaintiff without merit or an opportunity to respond.

The Court nor the Defendants canstate 18 U.S.C. § 3509(d) because the Government also filed a motion for an unsealed transcript of the trial of this case on February 22, 2006 [See Docket 373], which was subsequently granted by the Honorable C. Ashley Royal on March 2, 2006. See Docket [374] this is a blatant display of Judicial Misconduct, and a violation of 42 USC § 1986, the 1st and 6th Amendment of the United States Constitution, and 5 U.S.C. § 552 in my request for a **REDACTED VERSION** of the Restitution Hearing Order for the Consul General Malachi York El:©™, dated June 2nd, 2004.

When the Government requested a redacted trial transcript only by noting

"...that the defendant's convictions have now been affirmed by the Eleventh Circuit Court of Appeals." (See Docket [373])

And was granted, therefore pursuant to the same request submitted by the United States Government as an Official for the United States Government in my official Capacity as a Notary Public for the State of Georgia, Dekalb County, the 1st and the 6th Amendment of the United States Constitution, 42 USC § 1986, and 5 U.S.C. § 552 the same remedy should be granted for me as well

In addition, on **December 30, 2003** the Honorable C. Ashley Royal gave a decision **not to have the trial of this case closed** despite the Governments motion to have a closed Trial as stated in the following:

**Transcript December 30, 2003 PG 2 LL 13-19** "I will also tell you that I'm not going to have a closed trial. I have made arrangements to have a closed circuit television set up, and any spectators will be able to watch the trial of this case on the third floor by watching the monitor set up for closed circuit television, and I think that satisfies any public trial requirements under the Sixth Amendment or the First Amendment."

Additionally, during the course of the trial of this case, there were 40-50 spectators viewing the trial on close circuit television with the witnesses, inclusive of alleged victims or witnesses who would be under the protection of the Title 18, United States Code, Section 3509(d). During the

④

course of the trial, the names and faces of alleged victims and all witnesses in the trial of this case were witnessed by the 40-50 spectators or members of the public.

In Accord with Judge C. Ashley Royals decision I stated in specific in my Claim as follows:

"No compelling interest would be harmed in unsealing a redacted version of the Restitution Hearing being there is no compelling public or governmental interest that would in any way be harmed by unsealing the transcripts of Consul General Malachi York©™'s Restitution Hearing."

## REMEDY

WHEREFORE, in conclusion by the reasons set forth above, I, Deborah Yahuwdah©™, Respectfully renew my claim in seeking absolute remedy herein by the immediate unsealing of all redacted proceedings, redacted court documents, and redacted transcripts of the **Restitution Hearing Order for the Consul General Malachi York El:©™, dated June 2nd, 2004.**

Respectfully,

Deborah Yehudah©™

P.O. BOX 361587

Decatur, Georgia

Near [30036]

(5)