## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

DEBORAH YEHUDAH©™                    CIVIL ACTION No. 5:09-CV-68(HL)"et al"

**Noble: Deborah Yehudah:©™**

    Plaintiff

**v.**

**UNITED STATES OF AMERICA,**

**JUDGE CHARLES ASHLEY ROYAL**

    Defendants

---

## CLAIM TO UNSEAL THE PROCEEDINGS, COURT DOCUMENTS, AND TRANSCRIPTS PERTAINING TO THE ORDERED RESTITUTION HEARING OF Malachi York: ©™ *misnomer* Dwight D. York©™

---

PURSUANT TO 5 U.S.C. § 552, First and Sixth Amendment of the United States Constitution, and 42 U.S.C. § 1986

Opening Statement:

**COMES NOW** is ,I, Deborah Yehudah:©™(*in Pro Per*), claimant and first hand witness for and on the record herein, due HEREBY *reserve my rights to* this claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the First and Sixth Amendment of the Constitution for an immediate expeditement regarding quested documentation and court transcripts referencing the Restitution Hearing Order for the Consul General Malachi York El:©™, dated June 2nd, 2004 in association with the associated case file number: 5:02-CR-27-CAR; Wherein, it is incumbent upon the court and its Fiduciary to recognize the sufficiency

①

herein by this knowledge quest, knowing that the court is open to, for, and by the public, and set up for and by the people, in its fiduciary knowledge of the law and recognition for this quest, submitted under contract law; Wherein specifically, I Deborah Yahuwdah:©™, Plaintiff, claimant, and witness in these matters due hereby seek expressed disclosure of all the associated records thereof, regarding the Restitution hearing, concerning a *misinterpreted* third-party agreement between the United States and the alleged victims in the matter, for further personal

clarity entitled to me hereby, under the First Amendment as it implies the right to freely exercising my rights pursuant to- 'abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances.'

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and in upholding the First and Sixth Amendments of the Constitution. Venue lies in this district     under 5 U.S.C § 552(a)(4)(B)Whereby, the court is hereby obligated in its presumed competent adherence for the aforementioned listed rights of this Petitioner required in law for the immediate access to the quested knowledge hereby for disclosure with sensitive information, otherwise it must be shown that the denial is a prejudice necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." In light of this fact I am requesting a redacted version of the transcript to be unsealed and provided to me Deborah Yehudah:©™ since the transcripts were sealed under the Child Protection Act 47 USC § 231, for the record none of the 13 alleged victims on the indictment were under the age of 18,and the only parts of the

②

Restitution Hearing that can be redacted pursuant to law would be the names of the alleged victims as the rest of the Restitution need be disclosed in full.

## CLAIM 1

3.      I, Deborah Yehudah:©™**witness, and claimant in this matter due hereby reserve** my rights, pursuant to <u>Amendment VI</u>, regarding a 'compulsory process for obtaining  witnesses in his favor, and to have the assistance of counsel for his defense.'  I hereby submit this request in honor under contract law, pursuant to **5 U.S.C. § 552,  and 42 U.S.C. § 1986, in hopes that the court will accept my request in Honor on and for  the record.**

4.      In the present Claim, I Deborah Yehudah:©™, quest the Court to unseal all records pertaining to the Restitution Hearing of Consul General Malachi York El:©™ misnomer Dwight D. York Case#: 5:02-cr-27-CAR. The material sought can be categorized as court documents, proceedings, and transcripts of Consul General Malachi York El:©™'s *misnomer* Dwight D. York:©™'s Restitution Hearing.  There is  a compelling constitutional right for free and public access to all information and proceedings presented in our courts. Here, no countervailing interest would be adversely prejudiced by unsealing a redacted version referencing all information related (*only excluding  names of alleged victims, who were over the age of 18 at the time of the trial and hearing*) to Consul General Malachi York El:©™'s  misnomer Dwight D. York:©™'s Restitution Hearing before the Court, given that this information is critical to my Constitutional Rights.  The Supreme Court has explicitly recognized and ruled in favor for a common law right for open court proceedings and for public access to court documents.

③

*See Nixon v. Warner  Communications,*3 Case 1:08-cr-00360-RMU Document 10 Filed 01/05/2009 Page 3 of 9  *Inc.*, 435 U.S. 589, 597 (1978). As the Court explained, "[i]t is clear that the courts of this  country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Id.*

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and **public trial**, by an impartial jury of the state and district where the crime shall have been committed."

No compelling interest would be harmed in unsealing a redacted version of the Restitution Hearing being there is no compelling public or governmental interest that  would in any way be harmed by unsealing the transcripts of  Consul General Malachi York©™'s  Restitution Hearing.

## **REMEDY**

WHEREFORE, by the reasons set forth above, I, Deborah Yahuwdah©™, Respectfully seek absolute remedy herein by the immediate unsealing of all redacted proceedings, redacted court documents, and redacted transcripts of the **Restitution Hearing Order for the Consul General Malachi York  El:©™, dated June 2nd, 2004.**

**Respectfully,**

(4)

Deborah Yehudah©™

P.O. Box 361587

Decatur, Georgia

Near [30035]