RECEIVED
CLERK'S OFFICE
2009 JUN 19 AM 8:31
U.S. DISTRICT COURT
MIDDLE DIST OF GEORGIA
MACON

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA-MACON DIVISION

MALACHI Z. YORK-EL©™,　　　　　　　　　CASE NO. 5:07-CV-90001-CAR
misnomer DWIGHT YORK©™,　　　　　　　　Article 1 Section 9
　　　　　　　　　　　　　　　　　　　　　Constitutional Habeas Corpus
　　　　　　　　　　　　　　　　　　　　　CASE NO. 5:02-CR-27-CAR

Noble: Malachi York El:©™

　　　Plaintiff

v.

UNITED STATES OF AMERICA, AGENTS/HEIRS,
FEDERAL BUREAU OF PRISONS, U.S. DEPARTMENT OF JUSTICE,
CHARLES ASHLEY ROYAL, EDWARD NOTTINGHAM,
MARCY E. COOK, RON WILEY, CHRIS SYNSVOLL,
KRISTEN MIX, HOWARD RICHARD SEALS, TROY EID,
MICHAEL MUKASEY, JOHN SUTHERS, DAVE GOUETTE,
FREDRICK BRIGHT, RICHARD MOULTRIE, JALAINE WARD,
TRACEY BRADFORD, SALLY HEINTZYSH, MARY MANGRUM,
LISA SPEAKER, JOAN CROANIER, FBI AGENT SAVAGE,
TOM CODY, BOYD N. BOLAND, AND ZITA L. WEINSHIENK

　　　Defendants

---

## MOTION TO UNSEAL ORDERS ON DOCKET# 419 & 436

---

Comes now is I, **Malachi York El:©™**, A/K/A H.E. Dr Malachi Z. York-EL©™, A/K/A Issa Al haadi Al Mahdi, A/K/A Dr. Malachi Kobina York, misnomered DWIGHT D. YORK et, al.; **All rights reserved**, Secured Party, Liberian Diplomat **D/P #003828-04**, Owner in fact, Holder in due course (*Pro Per*), in accordance with **The Egiptian Church of Karast, The Yamassee Native Americans UN No. 215/1993**, the **EL,MALACHI Z. YORK,CESTUI QUE TRUST**, in accordance with **Public Notaries** for the case file's record knowledge, **due hereby**

1

**quest for the Court to Unseal the Sealed Orders** docket # 419 entered in on the 8th day of the month: **May**, in the year: **2009** and **Docket #: 436** entered in on the 22nd day of the month: **May**, in the year: **2009**, pursuant to Public Policy, and *CBS, Inc. v. U.S. Dist. Court*, 765 F.2d 823, 825 (9th Cir. 1985) with the knowledge that the court has made this case file matter Public, and if the court feels to operate in the alternative, the court has already willingly **dishonored me**, according to **due process of the law, such as**; in <u>Virginia Department of State Police v. Washington Post</u>, 386 F.3d 567, 576 (4th Cir. 2004), the Court of Appeals stated:

> "A district court must...weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing; "

*Press-Enterprise Co. v. Superior Courts*, 464 U.S. 501 (1984) (*"Press Enterprise I"*) (vacating order closing pre-trial proceedings and sealing transcripts); *U.S. v. Galloway*, 937 F.2d 542 (10th Cir. 1991) (remanding where district court failed to adhere to mandatory sealing procedures); *Associated Press v. U.S. Dist. Court*, 705 F.2d 1143 (9th Cir. 1983) (reversing order sealing pretrial records). This motion also should be granted for the separate reason that the sealing orders violate the public's common law right to inspect judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978); *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1289 (9th Cir. 1986). These rights cannot be sacrificed by the stipulation of the parties, nor by the government's mere assertion that sealing is required to protect national security.

> "The District Court cannot abdicate its responsibility to ... determine whether filings should be made available to the public. It certainly should not turn this function over to the parties ..."

*Procter & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996).

> "[W]e are equally troubled by the notion that the judiciary should abdicate its decision making responsibility to the executive branch whenever national security concerns are

2

present."

*In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) (vacating sealing order);

Accordingly, I **Malachi York El:**©™ , **A/K/A** H.E. Dr Malachi Z. York-EL©™, A/K/A Issa Al haadi Al Mahdi, A/K/A Dr. Malachi Kobina York, misnomered DWIGHT D. YORK et, al.; **All rights reserved**, Secured Party, Liberian Diplomat **D/P #003828-04**, Owner in fact, Holder in due course (*Pro Per*) respectfully requests that the Court immediately grant this motion, or, at a minimum, schedule a hearing on the important constitutional and common law issues presented here;

## STANDING

As the Supreme Court has held, all members of the public must be given a right to be heard on the question of their exclusion from court hearings and records, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982), and it is well-settled that non-party members of the public and press have standing to challenge the sealing of court hearings and records; *Daines v. Harrison*, 838 F. Supp. 1406, 1408 (D. Colo. 1993) (newspaper had standing to challenge sealing of settlement agreement); *U.S. v. McVeigh*, 918 F. Supp. 1452, 1456 (W.D. Okla. 1996) ("movants have standing to present these questions on behalf of themselves and the general public"); see also *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988 (public advocacy group had standing to challenge protective order in tobacco litigation). It also is well-settled that an interested third party may bring its motion to unseal after the underlying proceedings have ended; *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985) (third party intervened after judicially approved settlement in order to challenge sealing), *FDIC v. Ernst & Ernst*, 677 F.2d 230, 231-32 (2nd Cir. 1982) (third party intervened to challenge stipulated confidentiality order two years after settlement); *Mokhiber v. Davis*, 537 A.2d 1 100,

3

1104-06 (D.C. Cir. 1988) (reporter permitted to intervene four years after a judicially-approved consent decree in order to challenge a protective order); *Van Etten v. Bridgestone/Firestone, Inc.*, 117 F. Supp. 2d 1375 (S.D. Ga. 2000) (media intervened and compelled unsealing of records a year after settlement of a products liability case); This motion is supported by the (5th ) **Fifth-Amendment** of the United States Constitution which states:

> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, <u>**nor be deprived of life, liberty, or property, without due process of law**</u>"

As I have admitted my Habeas Corpus pursuant to **Article (1) I § (9) IX** of the United States Constitution which states:

> "The privilege of the writ of habeas corpus shall not be suspended"

Therefore as to not impede on my Constitutional right of Due Process on behalf of my Writ of Habeas Corpus I quest for the court to unseal the Orders entered in the record on the 8th day in the month: **May** in the year: **2009** under **Docket #: 419** and on the **22nd** day in the month: **May**, in the Gregorian calendar year: **2009**, under **Docket #: 436**;

As I am filing in Propria Persona I must also be aware of any decisions or orders made on my case file for the purpose of **due process** within the Courts; This will enable me to respond effectively and expediently, as the (6th)**Sixth** Amendment of the Constitution states:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial"

My post conviction remedies entitle me to the same rights accorded during my trial and as a first hand party to these facts under the (1st)**First** Amendment of the United States Constitution it is my right to have this information made public which states:

4

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, **and to petition the government for a redress of grievances**."

You have taken an Oath of Office to uphold the Constitution and those rights in which you took the following oath upon your swearing in:

> *"I, Charles Ashley Royal, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as Judge under the Constitution and laws of the United States. So help me God."*

## RELIEF REQUESTED

**WHEREFORE**, I pray this Honorable Court:

1. Grant this Motion to unseal the sealed orders under **Docket #419 and #436** entered in on the 8th day in the month: May, in the year: **2009** and on the 22nd day in the month: **May**, in the year: **2009**;

   Accordingly, I, **Malachi York El:©™**, A/K/A H.E. Dr Malachi Z. York-EL©™, A/K/A Issa Al haadi Al Mahdi, A/K/A Dr. Malachi Kobina York, misnomered DWIGHT D. YORK et, al.; **All rights reserved**, Secured Party, Liberian Diplomat **D/P #003828-04**, Owner in fact, Holder in due course (*Pro Per*), in accordance with **The Egiptian Church of Karast, The Yamassee Native Americans UN No. 215/1993**, the **EL,MALACHI Z. YORK,CESTUI QUE TRUST**, in accordance with the court officer-Public Notaries has standing to bring this motion requesting that this Court vacate its sealing orders in this case;

5

Respectfully,

_____
Malachi York El:©™

Nonresident/ Non-Domestic
First Class, Delivery
c/o P.O. Box 181398
Denver, Colorado 80218