RECEIVED
CLERK'S OFFICE
2009 JUL 20

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA-MACON DIVISION

MALACHI Z. YORK-EL©™,
misnomer DWIGHT YORK©™,

CASE NO. 5:07-CV-90001-CAR
Article 1 Section 9
Constitutional Habeas Corpus
CASE NO. 5:02-CR-27-CAR

Noble: Malachi York El:©™

    Plaintiff / Creditor

V.

UNITED STATES OF AMERICA, AGENTS/HEIRS,
FEDERAL BUREAU OF PRISONS, U.S. DEPARTMENT OF JUSTICE,
CHARLES ASHLEY ROYAL, EDWARD NOTTINGHAM,
MARCY E. COOK, RON WILEY, CHRIS SYNSVOLL,
KRISTEN MIX, HOWARD RICHARD SILLS, TROY EID,
MICHAEL MUKASEY, JOHN SUTHERS, DAVE GOUETTE,
FREDRICK BRIGHT, RICHARD MOULTRIE, JALAINE WARD,
TRACEY BRADFORD, SALLY HEINTZYSH, MARY MANGRUM,
LISA SPEAKER, JOAN CROANIER, FBI AGENT SAVAGE,
TOM CODY, BOYD N. BOLAND, AND ZITA L. WEINSHIENK

    Defendants

Filed at 8:49 A M
DATE 7/20/09

DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

## PETITION TO CORRECT DOCKET# 442

Comes now is I, **Malachi York El:©™**, A/K/A H.E. Dr Malachi Z. York-EL©™, A/K/A Issa Al haadi Al Mahdi, A/K/A Dr. Malachi Kobina York, misnomered DWIGHT D. YORK et, al.; **All rights reserved,** in honor Secured Party and Superior Lien Creditor, Liberian Diplomat D/P #003828-04, Owner in fact, Holder in due course (*Pro Per*) petition this court to take Judicial Notice, in lieu of **Docket # 442** "Motion To Vacate Due To Prosecutorial Misconduct", filed on the 7th of July, 2009 **is an amendment** to my **Docket # 407** "Motion For Relief By Response To Report And Recommendation", specifically the section on page 26 under

the entitled **"Claim III; New Evidence of United States Witness Recantments Pursuant to your 28 U.S.C. § 2255 and Prosecutorial Misconduct Pursuant to your 18 U.S.C. § 371"**, Due to the fact that I am not an attorney the title of the motion did not specifically address the fact that it was an amendment, Also my previous claims and actions should be construed liberally as a Pro Per litigant see *Haines* v. *Kerner*, 404 U.S. 519 (1972), " Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995); "A Pro Se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers; "Hall V. Bellmon 935 F.2d 1106, 1110 (10th Cir.1991); " 'District courts must take care to insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.' " Jaxon v. Circle K Corp., 773 F.2d 1138, 1140 (10th Cir.1985) (quoting Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir.1984)); see also Hall, 935 F.2d at 1111. Thus, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings";

Whereas, let the court take judicial notice to the knowledge of this action, pursuant to 42 U.S.C. § 1986, and 1983:

                                              Respectfully,

                                c/o: DWIGHT YORK (TRUST), MALACHI YORK (TRUST),
                                    and EL,MALACHI Z. YORK,CESTUI QUE TRUST
                                            Nonresident / Non-Domestic
                                                First Class, Delivery
                             1541 Marion St in the City of Denver, Colorado 80218

Public Officers Union

c/o 3375 Centerville Highway Suite#391182

Snellville, Georgia [30039]