Leah Abdullah Muhammad Mabry
c/o 1814 Breton Hunt Ln
Suwanee, Georgia
non-domestic

RECEIVED
CLERK'S OFFICE

2012 JAN -4  AM 10: 53

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

district court for the United States

for the Middle District of Georgia

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **in Admiralty** |
| | ) | Case NO. 5:02-CR-27-1-H1 |
| | ) | |
| v. | ) | MOTION TO POST BONDS FOR |
| | ) | SETTLEMENT AND CLOSURE |
| DWIGHT D YORK, a/k/a MALAKAI | ) | OF THIS CASE AND TO SECURE |
| Z. YORK, ISA MUHAMMAD, ISA | ) | IMMEDIATE RELEASE OF |
| ALIHAD MAHDI & BABA | ) | RELEASE OF INMATE NO. |
| Defendant | ) | 17911-054, DEFENDANT |
| | ) | |
| Leah Abdullah Muhammad Mabry, EX and | ) | |
| third party intervenor for The Estate of ISSA | ) | |
| AL Haadi Al Mahdi,  dba DWIGHT D dba | ) | |
| DWIGHT D YORK | ) | |

## MOTION TO POST BONDS FOR SETTLEMENT AND CLOSURE

COMES NOW Leah Abdullah Muhammad Mabry, EX, a Real Party in Interest, who is
neutral in the public, making a special visitation by absolute ministerial right to the
district court, "restricted appearance" under Rule E (8), who is unschooled in law and
notices the court of enunciation of principles as stated in _Haines v. Kerner_, 404 U.S. 519,
wherein the court has directed that those who are unschooled in law making pleadings
and/or complaints shall have the court look to the substance of the pleadings rather than
in the form, and hereby makes the following pleadings/notices in the above referenced
matter without waiver of any defenses.

### This is a verified plain statement of facts

I, Leah Abdullah Muhammad Mabry Executor, for and on behalf of: ISSA AL HAADI
AL MAHDI ESTATE, A.K.A DWIGHT D. YORK hereby pledge assets in support of
the bond(s) to serve as collateral, book-entry security Certificate No.:8523 ABA/ Cusip
No.: 923839, in exchange to secure any default / losses in favor of the United States of
this transaction. Accept these valuable tokens tendered in good faith for settlement and
closure on Case No.: 5:02-CR-27-1-HL, and immediate release of inmate #17911-054
held at c/o ADMAX FLORENCE, FEDERAL CORRECTIONAL INSTITUTION, 5880

HWY 67 SOUTH, FLORENCE, COLORADO 81226 where relief can be granted,  Further and that I will well and faithfully discharge the duties of this estate reposed in me according to law (48 CFR subpart 28.2, 31 CFR pt.225) on which I am about to enter. So help me God. Requesting that inmate #17911-054 currently held at c/o ADMAX Florence Federal Correctional Institution, 5880 HWY 67 SOUTH, Florence, Colorado 81226, be released immediately to the c/o Leah A. Mabry 1814 Breton Hunt Ln, Suwanee, Georgia 30024

**WHEREFORE,** having shown this honorable Court good cause and reason for the immediate

settlement and closure of this case, it is requested that an order be issued from this court:

 Directing the Clerk of Court to post the enclosed bonds or effect collection upon them,

and

Release the defendant, inmate No.17911-054 to the care of Leah Abdullah Muhammad Mabry, Executor, a Real Party in interest, at 1814 Breton Hunt Ln, Suwanee Georgia 30024

and

Directing the Clerk of Court to have NOTICE sent to Warden Blake Davis and Associate Warden L.J. Milusnic of ADMAX Florence Federal Correctional Institution, 5580 HWY 67 SOUTH, Florence, Colorado 81226, and all corresponding agencies;

Granting such other and further relief that the court may deem just and proper.

Enclosures:

1. Standard Form: 28 Affidavit of individual Surety; Certificate of Deposit; Standard Form 24 Bid Bond;  Standard Form 25 Performance Bond; Standard Form 25A Payment Bond; Optional Form 90 Release Lien of Property; Optional form 91 Release on Personal Property from Escrow;
2. Power of Attorney; Power of Attorney Form 2848; IRS Form 56 Notice Concerning Fiduciary Relationship;
3. Indictment; Arrest Warrant

By _____ agent, UCC 3-402 (b) (1)
Leah Abdullah Mabry, Executor, Lawful woman

## COMMERCIAL OATH AND VERIFICATION

I, Thomas Michael Haney, certify under my unlimited liability Commercial Oath and having first hand knowledge of the facts with competence that the statements and facts are, true, correct, complete and certain, and the truth the whole truth and nothing but the truth.

By _____
Leah Abdullah Mabry, Executor, Lawful woman

Georgia state                    )
                                 ) affirmed under oath
Fulton county                    )

The above affiant, Leah Abdullah Mabry appeared before me a Notary in his true character and affixed his signature to the above document and affirmed under oath this 30 day of 12th month, 2011.

_____
NOTARY

**NOTARY PUBLIC**
FULTON COUNTY GEORGIA
MY COMMISSION EXPIRES
DECEMBER 4, 2015

3

# AFFIDAVIT OF INDIVIDUAL SURETY

*(See instructions on reverse)*

| | |
|---|---|
| OMB Number: | **9000-0001** |
| Expires: | **09/30/2011** |

Public reporting burden for this collection of information is estimated to average 0.4 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Regulatory Secretariat (VPR), Office of Acquisition Policy, GSA, Washington, DC 20405.

STATE OF **Georgia**

COUNTY OF **BIBB**

**SS.**

I, Leah Abdullah Muhammad Mabry Executor, for and on behalf of ISSA AL HAADI AL MAHDI ESTATE, hereby pledge assets in support of the bond(s) to serve as collateral, book-entry security Certificate No.:8523 ABA/ Cusip No.: 923839, in exchange to secure any default/losses in favor of the United States of this transaction. Accept these valuable tokens tendered in good faith for settlement and closure on Case No.: 5:02-CR-27-1-HL, and immediate release of inmate #17911-054 held at c/o ADMAX FLORENCE, FEDERAL CORRECTIONAL INSTITUTION, 5880 HWY 67 SOUTH, FLORENCE, COLORADO 81226 where relief can be granted, further and that I will well and faithfully discharge the duties of this estate reposed in me according to law (48 CFR subpart 28.2, 31 CFR pt. 225) on which I am about to enter. So help me God.

I, the undersigned, being duly sworn, depose and say that I am: (1) the surety to the attached bond(s); (2) a citizen of the United States; and of full age and legally competent. I also depose and say that, concerning any stocks or bonds included in the assets listed below, that there are no restrictions on the resale of these securities pursuant to the registration provisions of Section 5 of the Securities Act of 1933. I recognize that statements contained herein concern a matter within the jurisdiction of an agency of the United States and the making of a false, fictitious or fraudulent statement may render the maker subject to prosecution under Title 18, United States Code Sections 1001 and 494. This affidavit is made to induce the United States of America to accept me as surety on the attached bond.

| 1. NAME *(First, Middle, Last) (Type or Print)* | 2. HOME ADDRESS *(Number, Street, City, State, ZIP Code)* |
|---|---|
| Dwight D. York (Trust) | Case No.: 5:02-CR-27-1-HL<br>c/o UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA<br>475 Mulberry Street, Macon, Georgia 31202 |
| 3. TYPE AND DURATION OF OCCUPATION<br>EXECUTOR/ ADMINISTRATOR FOR THE SURETY | 4. NAME AND ADDRESS OF EMPLOYER *(If Self-employed, so State)*<br>ISSA AL HAADI AL MAHDI ESTATE<br>(EIN) 45-6459976 / US DOT No.: 2189148<br>BOND No.: 8523 Massachusetts |
| 5. NAME AND ADDRESS OF INDIVIDUAL SURETY BROKER USED<br>*(Number, Street, City, State, ZIP Code)*<br>c/o Depository Trust Company (Asset Holders)<br>Certificate No.: 8523<br>55 Water Street, Fifth Floor<br>New York, New York 10041 | 6. TELEPHONE NUMBER<br>**HOME -** 719-784-9100<br><br>**BUSINESS -** 478-752-3497 |

7. THE FOLLOWING IS A TRUE REPRESENTATION OF THE ASSETS I HAVE PLEDGED TO THE UNITED STATES IN SUPPORT OF THE ATTACHED BOND:
(a) Real estate *(Include a legal description, street address and other identifying description; the market value; attach supporting certified documents including recorded lien; evidence of title and the current tax assessment of the property. For market value approach, also provide a current appraisal.)*
See Attached: Certificate OF DEPOSIT/ American Depository receipt ABA/ Cusip No.: 923839
See Attached: STANDARD FORM 24: BID BOND RE543060645
See Attached: STANDARD FORM 25: PERFORMANCE BOND RE543060654US
See Attached: STANDARD FORM 25A: PAYMENT BOND RE543060668US
See Attached: OPTIONAL FORM 90: RELEASE OF LIEN OF PROPERTY RE543060671US
See Attached: OPTIONAL FORM 91: RELEASE ON PERSONAL PROPERTY FROM ESCROW RE543060685US
See Attached: CASE NUMBER: 5:02-CR-27-1-HL
See Attached: INDICTMENT: 5:02-CR-27-1-HL RE543060699US
See Attached: WARRANT FOR ARREST: 5:02-CR-27-1-HL RE543060708US
See Attached: IRS FORM 56: NOTICE CONCERNING FIDUCIARY RELATIONSHIP RE543060711US
See Attached: FORM 2848: POWER OF ATTORNEY AND DECLERATION OF REPRESENTATIVE RE543060725US
(b) Assets other than real estate *(describe the assets, the details of the escrow account, and attach certified evidence thereof).*
SEE ESCROW ACCOUNT: TOP Trace No. B97927756, ESTATE EXCEPTION ACCOUNT No.: 064360272
SEE ATTACHED: CERTIFICATE OF DEPOSIT/ AMERICAN DEPOSITORY RECIEPT ABA/ Cusip No.: 923833
SEE ATTACHED: STANDARD FORM 24: BID BOND RE543060645US
SEE ATTACHED: STANDARD FORM 25: PERFORMANCE BOND RE543060654US
SEE ATTACHED: STANDARD FORM 25A: PAYMENT BOND RE543060668US
SEE ATTACHED: STANDARD FORM 56: NOTICE CONCERNING FIDUCIARY RELATIONSHIP RE543060711US

8. IDENTIFY ALL MORTGAGES, LIENS, JUDGEMENTS, OR ANY OTHER ENCUMBRANCES INVOLVING SUBJECT ASSETS INCLUDING REAL ESTATE TAXES DUE AND PAYABLE.
SEE ATTACHED: CASE NUMBER: 5:02-CR-27-1-HL / 5:02-CR-27(CAR)
SEE ATTACHED: INDICTMENT: 5:02-CR-27-1-HL (A TRUE BILL)
SEE ATTACHED: WARRANT FOR ARREST: 5:02-CR-27-1-HL RE543060708US
SEE ATTACHED OPTIONAL FORM 90: RELEASE OF LIEN OF PROPERTY RE543060671US
SEE ATTACHED OPTIONAL FORM 91: PAYMENT BOND RE543060685US

9. IDENTIFY ALL BONDS, INCLUDING BID GUARANTEES, FOR WHICH THE SUBJECT ASSETS HAVE BEEN PLEDGED WITHIN 3 YEARS PRIOR TO THE DATE OF EXECUTION OF THIS AFFIDAVIT.
SEE ATTACHED: CERTIFICATE OF DEPOSIT/ AMERICAN DEPOSITORY RECIEPT ABA/ Cusip: 923833
SEE ATTACHED: STANDARD FORM 24: BID BOND RE543060645US
SEE ATTACHED: STANDARD FORM 25: PERFORMANCE BOND RE543060645US
SEE ATTACHED: STANDARD FORM 25A: PAYMENT BOND RE543060668US
SEE ATTACHED: STANDARD FORM 90: RELEASE OF LIEN OF PROPERTY RE543060671US
SEE ATTACHED: OPTIONAL FORM 91: RELEASE ON PERSONAL PROPERTY FROM ESCROW RE543060685US

## DOCUMENTATION OF THE PLEDGED ASSET MUST BE ATTACHED.

| 10. SIGNATURE | 11. BOND AND CONTRACT TO WHICH THIS AFFIDAVIT RELATES *(Where Appropriate)* |
|---|---|
| *Leah A. Maby Executor* | Guarantee Bond(s), backed by the Full Faith and Credit (Art. IV Sec. 1) an obligation security of the United State as defined in 18 USC, 8 section 8. |

### 12. SUBSCRIBED AND SWORN TO BEFORE ME AS FOLLOWS:

| a. DATE OATH ADMINISTERED | | | b. CITY AND STATE *(Or other jurisdiction)* |
|---|---|---|---|
| MONTH | DAY | YEAR | Atlanta Ga |
| 12 | 30 | 2011 | |

| c. NAME AND TITLE OF OFFICIAL ADMINISTERING OATH *(Type or print)*<br>THOMAS MICHAEL HANEY, Notary | d. SIGNATURE<br>*Thomas Michael Haney* | e. MY COMMISSION EXPIRES<br>12/4/2015 |
|---|---|---|

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is not usable

**STANDARD FORM 28** (REV. 6/2003)
Prescribed by GSA-FAR (48 CFR) 53.228(e)

INSTRUCTIONS

1. Individual sureties on bonds executed in connection with Government contracts must complete and submit this form with the bond.  (See 48 CFR 28.203, 53.228(e).)  The surety must have the completed form notarized.

2. No corporation, partnership, or other unincorporated association or firm, as such, is acceptable as an individual surety.  Likewise, members of a partnership are not acceptable as sureties on bonds that a partnership or an association, or any co-partner or member thereof, is the principal obligor.  However, stockholders of corporate principals are acceptable provided (a) their qualifications are independent of their stockholdings or financial interest therein, and (b) that the fact is expressed in the affidavit of justification.  An individual surety will not include any financial interest in assets connected with the principal on the bond that this affidavit supports.

3. United States citizenship is a requirement for individual sureties for contracts and bonds when the contract is awarded in the United States.  However, when the Contracting Officer is located in an outlying area or a foreign country, the individual surety is only required to be a permanent resident of the area or country in which the contracting officer is located.

4. All signatures of the affidavit submitted must be originals.  Affidavits bearing reproduced signatures are not acceptable.  An authorized person must sign the bond.  Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of a firm, partnership, or joint venture, or an officer of the corporation involved.



**STANDARD FORM 28** (REV. 6/2003)  **BACK**

RE 543 060 645 US

| **BID BOND**<br>( See instructions on reverse) | DATE BOND EXECUTED (Must not be later than bid opening date)<br><br>MAY 7, 2002 | OMB NO.: 9000-0045<br>Expires: **11/30/2012** |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspects of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

| PRINCIPAL (Legal name and business address)<br><br>DWIGHT D. YORK (TRUST)<br>Case No.: 5:02-CR-27-1-HL<br>c/o IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF GEORGIA<br>475 Mulberry Street<br>Macon, Georgia 31202 | TYPE OF ORGANIZATION ("X" one) |
|---|---|

TYPE OF ORGANIZATION ("X" one)

| [x] INDIVIDUAL | [ ] PARTNERSHIP |
| [ ] JOINT VENTURE | [ ] CORPORATION |

STATE OF INCORPORATION

Bond No.: 8523 Massachusetts

SURETY(IES) (Name and business address)

ISSA AL HAADI AL MAHDI ESTATE
Certificate No.: 8523
c/o Depository Trust Company (Asset Holders)
55 Water Street, Fifth Floor
New York, New York 10041

| | PENAL SUM OF BOND | | | | BID IDENTIFICATION | |
|---|---|---|---|---|---|---|
| PERCENT OF BID PRICE | AMOUNT NOT TO EXCEED | | | | BID DATE<br>MAY 7, 2002 | INVITATION NO.<br>5:02-CR-27-1-HL |
| | MILLION (S) | THOUSAND(S) | HUNDRED(S) | CENTS | FOR (Construction, supplies, or Services) | Exchange for value goods, for payment in full on account for settlement and closure on case No.: 5:02-CR-27-1-HL and immediate release of inmate #17911-054 held at c/o ADMAX FLORENCE, FEDERAL CORRECTIONAL INSTITUTION, 5880 HWY 67 SOUTH, FLORENCE, COLORADO 81226, accord and satisfaction |
| 50 | | 000 | 000 | 00 | | |

OBLIGATION

We, the Principal and Surety (ies) are firmly bound to the United States of America (hereinafter call the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit or liability is the full amount of the penal sum.

CONDITIONS:

The principal has submitted the bid identified above.

THEREFORE:

The above obligation is void if the Principal – (a) upon acceptance by the Government of the bid identified above, within the period specified therein for acceptance (sixty (60) days if no period is specified), executes the further contractual documents and gives the bond(s) required by the terms of the bid as accepted within the time specified (ten (10 days if no period is specified) after receipt of the forms by the principal; or (b) in the event of failure to executes such further contractual documents and give such bonds, pays the Government for any cost of procuring the work which exceeds the amount of the bid.

Each surety executing this instrument agrees that its obligations is not impaired by any extension(s) of the time for acceptance of the bid that the principal may grand to the Government. Notice to the surety (ies) of extensions (s) are waived. However, waiver of the notice applies only to extensions aggregating not more than sixty (60) calendar days in addition to the periods originally allowed for acceptance of the bid.

WITNESS

The principal and Surety (ies) executed this bid bond and affixed their seals on the above date.

| | | PRINCIPAL | | | |
|---|---|---|---|---|---|
| SIGNATURE(S) | 1. *Leah A Mabry* | | 3. | | Corporate Seal |
| | | (Seal) | | (Seal) | |
| NAME(S) & TITLE(S) (Typed) | 1.<br>Leah A. Mabry, Executor | | 3. | | |

| | | INDIVIDUAL SURETY(IES) | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *Leah A Abdullah Ma* | | 2. | (Seal) |
| NAME(S) (Typed) | 1. Leah A. Mabry, Executor | | 2. | |

| | | CORPORATE SURETY(IES) | | | |
|---|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Pervious edition is usable

**STANDARD FORM 24** (REV. 10-98)
Prescribed by GSA - FAR (48 CFR) 53.228(a)

| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form is authorized for use when a bid guaranty is required. any deviation from this form will require the written approval of the Administrator of General Services.

2, Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., ab attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. The bond may express penal sum as a percentage of the bid price. In these cases, the bond may state a maximum dollar limitation (e.g., 20%  of the bid price but the amount not to exceed _____ dollars).

4. (a) Corporation executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. where more than one corporate surety is involved, their names and address shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY (IES)." In the space designed "SURETY (IES)" on the face of the form, insert only the letter identification of the sureties.

   (b) Where individual sureties are involved, a completed Affidavit of Individual surety (Standard Form 28), or each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

5. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word " Corporate Seal"; and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

6. Type the name and title of each person signing this bond in the space provided.

7. In its application to negotiated contracts, the terms "bid" and "bidder" shall include "proposal" and "Offeror."

**STANDARD FORM 24** (REV. 10-98) **BACK**

RE 543 060 654 US

| **PERFORMANCE BOND**<br>*(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br>MAY 7, 2002 | OMB No.: **9000-0045**<br>Expires: 11/30/2012 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL *(Legal name and business address)*<br><br>DWIGHT D. YORK (TRUST)<br>Case No.: 5:02-CR-27-1-HL<br>c/o IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF GEORGIA<br>475 Mulberry Street Macon, Georgia 31202 | TYPE OF ORGANIZATION ("X" one)<br><br>[X] INDIVIDUAL      [ ] PARTNERSHIP<br>[ ] JOINT VENTURE   [ ] CORPORATION<br>STATE OF INCORPORATION<br>Bond No. 8523 Massachusetts |
|---|---|

| SURETY(IES) *(Name(s) and business address(es))*<br><br>ISSA AL HAADI AL MAHDI  ESTATE<br>Certificate No.: 8523<br>c/o Depository Trust Company (Asset Holder)<br>55 Water Street, Fifth Floor<br>New York, New York 10041 | PENAL SUM OF BOND |||| |
|---|---|---|---|---|
| | MILLION(S)<br>50 | THOUSANDS<br>000 | HUNDRED(S)<br>000 | CENTS<br>00 |
| | CONTRACT DATE<br>MAY 7, 2002 | CONTRACT NO.<br><br>Case No.: 5:02-CR-27-1-HL ||||

OBLIGATION

We, the Principal and Surety (ies), are firmly bound to the Unites States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action against any or all of us. for all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS

The Principal has entered into the contract identified above.

THEREFORE

The above obligation is void if the Principal-

    (a)(1)  Performs and fulfills all the undertaking, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies)  and during the life of any guaranty required under the contract, and (2) performs and fulfills all the undertakings, covenants, terms conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

    (b)  Pays to the Government the full amount of the taxes imposed by the Government, if the said contracts is subject to the Miller Act, (40 U.S.C. 270a-270e), which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

**PRINCIPAL**

| | SIGNATURE(S) | 1. *Leah A. Mabry* | (Seal) | 3. | (Seal) | Corporate Seal |
|---|---|---|---|---|---|---|
| | NAME(S) & TITLE(S) *(Typed)* | 1. Leah A. Mabry, Executor | | 3. | | |

**INDIVIDUAL SURETY(IES)**

| | SIGNATURE(S) | 1. *Leah A. Mabry Executor* | 2. | (Seal) |
|---|---|---|---|---|
| | NAME(S) *(Typed)* | 1. Leah A. Mabry, Executor | 2. | |

**CORPORATE SURETY(IES)**

| | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
|---|---|---|---|---|---|
| **SURETY A** | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S *(Typed)* | 1. | 2. | | |

| AUTHORIZED FOR LOCAL REPRODUCTION<br>Previous edition not usable | **STANDARD FORM 25** (REV. 5-96)<br>Prescribed by GSA-FAR (48 CFR) 53.228 (b) |
|---|---|

**CORPORATE SURETY(IES) (Continued)**

| | | | STATE OF INC. | LIABILITY LIMIT ($) | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| BOND PREMIUM ▶ | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| | | |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., and attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the department of the Treasury's list of approved sureties and must act within the limitation listen therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

   (b) Where individual sureties are involved, a completed Affidavit of Individual Surety (standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporation executing the bond shall affix their corporate seals. Individual shall execute the bond opposite the word " Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

RE 543 060 668 US

| **PAYMENT BOND**<br>*(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br><br>MAY 7, 2002 | OMB No.:**9000-0045**<br>Expires: 11/30/2012 |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

PRINCIPAL *(Legal name and business address)*
DWIGHT D. YORK (TRUST)
Case No.: 5:02-CR-27-1-HL
c/o UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
475 Mulberry Street
Macon, GEORGIA 31202

TYPE OF ORGANIZATION *("X" one)*

[X] INDIVIDUAL     [ ] PARTNERSHIP

[ ] JOINT VENTURE     [ ] CORPORATION

STATE OF INCORPORATION
Bond No.: 8523 Massachusetts

SURETY(IES) *(Name(s) and business address(es)*
ISSA AL HAADI AL MAHDI  ESTATE
Certificate No.: 8523
c/o Depository Trust Company (Asset Holder)
55 Water Street, Fifth Floor
New York, New York 10041

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 50 | 000 | 000 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| MAY 7, 2002 | Case No.:5:02-CR-27-1-HL |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. for payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | **PRINCIPAL** | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *Leah A. Mabry* (Seal) | | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Leah A. Mabry, Executor | | 3. | |

| | **INDIVIDUAL SURETY(IES)** | | |
|---|---|---|---|
| SIGNATURE(S) | 1. *Leah A. Mabry* Exec | 2. | (Seal) |
| NAME(S) *(Typed)* | 1. Leah A. Mabry, Executor | 2. | |

| | | **CORPORATE SURETY(IES)** | | | |
|---|---|---|---|---|---|
| **SURETY A** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | |
| | SIGNATURE(S) | 1. | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

**STANDARD FORM 25A** (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

## CORPORATE SURETY(IES) (Continued)

| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.



RE 543 060 671 US

USA ¹1

## RELEASE OF LIEN ON REAL PROPERTY

Whereas   ISSA AL HAADI AL MAHDI ESTATE  , of   BOND No.: 8523, Massachusetts  , by a bond
                (Name)                                    (Place of Residence)

for the performance of U.S. Government Contract Number    45-6459976 / USDOT No. 2189148   ,

became a surety for the complete and successful performance of said contract, which bond includes a lien
upon certain real property further described hereafter, and

Whereas said surety established the said lien upon the following property

SEE INMATE #17911-054 HELD AT c/o ADMAX FLORENCE, FEDERAL CORRECTIONAL INSTITUTION, 5880 HWY 67 SOUTH, FLORENCE, COLORADO 81226
SEE ATTACHED: VITAL RECORDS CHILD ID No.:     8523, Massachusetts
SEE ATTACHED: STANDARD FORM 24: BID BOND     RE543060645US
SEE ATTACHED: STANDARD FORM 25: PERFORMANCE BOND  RE543060654US
SEE ATTACHED: STANDARD FORM 25A: PAYMENT BOND     RE543060668US
SEE ATTACHED: OPTIONAL FORM 91: RELEASE ON PERSONAL PROPERTY FROM ESCROW  RE543060685US
SEE ATTACHED: STANDARD FORM 28: AFFIDAVIT OF SURETY  RE543060739US
SEE ATTACHED: CASE NUMBER:  5:02-CR-27-1-HL
SEE ATTACHED: INDICTMENT:  5:02-CR-27-1-HL (A TRUE BILL)  RE543060699US
SEE ATTACHED: WARRENT FOR ARREST:  5:02-CR-27-1-HL   RE543060708US
SEE ATTACHED: STANDARD FORM 56: NOTICE CONCERNING FIDUCIARY RELATIONSHIP    RE543060711US

and recorded this pledge on   CASE No.: 5:02-CR-27-1-HL, c/o IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA
                                        (Name of Land Records)

in the  475 Mulberry Street, Macon Georgia 31202 County Bibb  of            Georgia 31202           ,
                (Locality)                            (State)
and

Whereas, I,       Leah Mabry, Executor                 , being a duly

authorized representative of the United States Government as a warranted contracting officer, have
determined that the lien is no longer required to ensure further performance of the said Government
contract or satisfaction of claims arising therefrom,

and

Whereas the surety remains liable to the United States Government for continued performance
of the said Government contract and satisfaction of claims pertaining thereto.

Now, therefore, this agreement witnesseth that the Government hereby releases the aforementioned line.

[Signature]
Seal

[Date]
12/30/2011
Thomas Michael Haney, Notary

**NOTARY PUBLIC**
FULTON COUNTY, GEORGIA
AUTHORIZED FOR LOCAL REPRODUCTION
MY COMMISSION EXPIRES
DECEMBER 4, 2015

**OPTIONAL FORM 90** (REV. 1-90)
Prescribed by GSA-FAR (48CFR) 53.228 (n)


RE 543 060 685 US


USA °1

## RELEASE OF PERSONAL PROPERTY FROM ESCROW

Whereas ___ISSA AL HAADI AL MAHDI ESTATE___ , of ___BOND No.: 8523___ , by a bond
　　　　　　(Name)　　　　　　　　　　　　　　(Place of Residence)
for the performance of U.S. Government Contract Number ___45-6459976 / USDOT No. 2189148___ ,
became a surety for the complete and successful performance of said contract, and Whereas said
surety has placed certain personal property in escrow

　　in Account Number ___CASE No.: 5:02-CR-27-1-HL___ on deposit

　　at ___c/o IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA___
　　　　　　　　　　　　　　(Name of Financial Institution)

located at ___475 Mulberry Street Macon, County of Bibb,  Georgia 31202___ , and
　　　　　　　　　　　　　(Address of Financial Institution)

Whereas I, ___LEAH A. MABRY, EXECUTOR___ , being a duly authorized
representative of the United States government as a warranted contracting officer, have determined
that retention in escrow of the following property is no longer required to ensure further performance
of the said Government contract or satisfaction of claims arising therefrom:

SEE ESCROW ACCOUNT: TOP Trace No. B97927756, ESTATE EXCEPTION ACCOUNT NUMBER 064350272
SEE ATTACHED: CERTIFICATE OF DEPOSIT / AMERICAN DEPOSITARY RECIEPT ABA/ CUSIP No.: 923839
SEE ATTACHED: STANDARD FORM 24: BID BOND   RE543060645US
SEE ATTACHED: STANDARD FORM 25: PERFORMANCE BOND   RE543060654US
SEE ATTACHED: STANDARD FORM 25A: PAYMENT BOND   RE543060668US
SEE ATTACHED: OPTIONAL FORM 90: RELEASE OF LIEN OF PROPERTY   RE543060671US
SEE ATTACHED: STANDARD FORM 28: AFFIDAVIT OF SURETY   RE543060739US
SEE ATTACHED: CASE NUMBER: 5:02-CR-27-1-HL
SEE ATTACHED: INDICMENT:  5:02-CR-27-1-HL (A TRUE BILL)   RE543060699US
SEE ATTACHED: WARRANT FOR ARREST: 5:02-CR-27-1-HL   RE543060708US
and SEE ATTACHED: STANDARD FORM 56: NOTICE CONCERNING FIDUCIARY RELATIONSHIP   RE543060711US

Whereas the surety remains liable to the United States Government for the continued performance of
the said Government contract and satisfaction of claims pertaining thereto.

Now, therefore, this agreement witnesseth that the Government hereby releases from escrow the
property listed above, and directs the custodian of the aforementioned escrow account to deliver the
listed property to the surety.  If the listed property comprises the whole of the property placed in
escrow in the aforementioned escrow account, the Government further directs the custodian to close
the account and to return all property therein to the surety, along with any interest accruing which
remains after the deduction of any fees lawfully owed to

___USA___ .
　　　　(Name of Financial Institution)

[Date] 12/30/2011

_Thomas Michael Haney, Notary_

[Signature] _Leah S. Mabry Executor_

Seal

**NOTARY PUBLIC**
**FULTON COUNTY GEORGIA**
AUTH~~MYZEOMMISSIONEEXPIRES~~
**DECEMBER 4, 2015**

**OPTIONAL FORM 91** (1-90)
Prescribed by GSA-FAR (48 CFR) 53.228(o)

12003836-1

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

I Certify That the document hereunto annexed is under the Seal of the State(s) of Massachusetts, and that such Seal(s) is/are entitled to full faith and credit.*

*\*For the contents of the annexed document,the Department assumes no responsibility*
*This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, Hillary Rodham Clinton, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this second day of November, 2011.

*Issued pursuant to CHXIV, State of Sept. 15, 1789, 1 Stat. 68-69; 22 USC 2657; 22USC 2651a; 5 USC 301; 28 USC 1733 et. seq.; 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure.*

Secretary of State

By _____

Assistant Authentication Officer, Department of State

*The Commonwealth of Massachusetts*

**William Francis Galvin**
**Secretary of the Commonwealth**

C-27

C  1555862

Boston, Massachusetts          October 4, 2011

*I hereby certify*
that at the date of the attestation hereunto annexed,

**Stanley E. Nyberg**

Registrar of MA
duly  Appointed

and that to his/her acts and attestations, as such, full faith and
credit are and ought to be given in and out of Court; and further,
that his/her signature to the annexed instrument is genuine.

*In testimony of which,* I have hereunto affixed the

*Great Seal of the Commonwealth*



on the first date above written

**William Francis Galvin**
**Secretary of the Commonwealth**

prepared by   DGittens

**CERTIFICATE OF VITAL RECORD**

VERIFY PRESENCE OF WATERMARK    HOLD TO LIGHT TO VIEW

## The Commonwealth of Massachusetts
### DEPARTMENT OF PUBLIC HEALTH
### REGISTRY OF VITAL RECORDS AND STATISTICS

923839



The Commonwealth of Massachusetts
OFFICE OF THE SECRETARY
DIVISION OF VITAL STATISTICS

**STANDARD
CERTIFICATE OF BIRTH**

422

SUFFOLK (County)
BOSTON (City or Town)

BOSTON (City or Town making this return)

Registered No. 8523

PLACE OF BIRTH 162 Harold ................ STREET ............ WARD { (If birth occurred in a hospital or institution, give its NAME instead of street and number)

Mother's stay before delivery: In hospital or institution........In this community......

(If child is not yet named, make supplemental report, ar directed

FULL NAME OF CHILD .................. York ..........

| 1 Sex M | 4 If plural births | Twin or Triplet?.......... | 5 Born ALIVE or STILLBORN | 6 Date of Birth June 26 1945 |
| 2 Color col | | If so, born 1st, 2nd or 3rd?...... | alive | (Month) (Day) (Year) |

| FATHER | 13 MAIDEN NAME Mary C Williams |
| NAME David P York | PRESENT NAME Mary C York |
| RESIDENCE, NO. 162 Harold ....... STREET | 14 RESIDENCE, NO. 162 Harold ....... STREET |
| CITY OR TOWN ...... STATE ...... | CITY OR TOWN ...... STATE ...... |
| COLOR OR RACE col | 10 AGE AT TIME OF THIS BIRTH 29 (YEARS) | 15 COLOR OR RACE col | 16 AGE AT TIME OF THIS BIRTH 21 (YEARS) |
| PLACE OF BIRTH New Bedford Mass (City or Town) (State or Country) | 17 PLACE OF BIRTH Philadelphia Pa (City or Town) (State or Country) |
| OCCUPATION ------ | 18 OCCUPATION housewife |

I hereby certify that I attended the birth of this child who was born at the hour of 9.10 p.m. on the date above stated. The information given was furnished by patient related to this child as mother

SIGNATURE OF ATTENDANT AT BIRTH Dr. L S Woodworth Supt Serv of Extern Outpatient (Name) (Physician, parent or other, etc.)

ADDRESS NO. ........... DATE ...........

RECEIVED AT OFFICE OF CITY OR TOWN CLERK....... Jul 3 1945
(Month) (Day) (Year)

A TRUE COPY ATTEST: ............... *Francis J ---* (Registrar)

*Stanley E. Nyberg*

AUG 1 5 2011   Registrar of Vital Records and Statistics

I, the undersigned, hereby certify that I am the Registrar of Vital Records and Statistics; that as such I have custody of the records of birth, marriage, and death required by law to be kept in my office; and I do hereby certify that the above is a true copy from said records.

IT IS ILLEGAL TO ALTER OR REPRODUCE THIS DOCUMENT IN ANY MANNER

**VOID WITHOUT WATERMARK OR IF ALTERED OR ERASED**

# ACKNOWLEDGMENT

### Grant of Exclusive Power of Attorney to conduct all tax, business, and legal affairs of principal person.

# POWER OF ATTORNEY

1) DWIGHT D YORK, a/k/a MALAKAI Z. YORK, ISA MUHAMMAD, ISSA ALIHAD MAHDI & BABA, ADMAX Florence Federal Correctional Institution, 5580 HWY 67 SOUTH, Florence, Colorado 81226 does hereby appoint, Leah Abdullah Muhammad Mabry, EX, a Real Party in Interest, at 1814 Breton Hunt Ln, Suwanee, Georgia 30024 state as my Private attorney in fact, to take exclusive charge of, manage, and conduct all of my tax, business and legal affairs, and for such purpose to act for me in my name and place, without limitation on the powers necessary to carry out this exclusive purpose of attorney in fact as authorized:

(A) To take possession of, hold, and manage my real estate and all other property;

(B) To receive money or property paid or delivered to me from any source;

(C) To deposit funds in, make withdrawals from, or sign checks or drafts against any account standing in my name individually or jointly in any bank or other depository, to cash coupons, bonds, or certificates of deposits to endorse checks, notes or other documents in my name; to have access to, and place items in or remove them from, any safety deposit box standing in my name individually, and otherwise to conduct bank transactions or business for me in my name;

(D) To pay my just debts and expenses, including reasonable expenses incurred by my attorney in fact, Leah Abdullah Muhammad Mabry, EX in exercising this exclusive power of attorney;

(E) To retain any investments, invest, and to invest in stock, bonds or other securities, or in real estate or other property;

(F) To give general and special proxies or exercise rights of conversion or rights with respect to shares or securities, to deposit shares or securities with, or transfer them to protective committees or similar bodies, to join in any reorganization and pay assessments or subscriptions called for in connection with shares or securities.

(G) To sell, exchange, lease, give options, and make contracts concerning real estate or other property for such considerations and on such terms as my attorney in fact Leah Abdullah Muhammad Mabry, EX, may consider prudent;

(H) To improve or develop real estate, to construct, alter, or repair building structures and appurtenances or real estate; to settle boundary lines, easements, and other rights with respect to real estate; to plant, cultivate, harvest, and sell or otherwise dispose of crops and timber, and do all things necessary or appropriate to good husbandry;

(I) To provide for the use, maintenance, repair, security, or storage of my tangible property;

(J) To purchase and maintain such policies of insurance against liability, fire, casualty, or other risks as my attorney in fact, Leah Abdullah Muhammad Mabry, EX may consider prudent;

2) The term "exclusive" shall be construed to mean that while these powers of attorney are in force, only my attorney in-fact may obligate me in these matters, and I forfeit the capacity to obligate myself with regard to same. This grant of Exclusive Power is Irrevocable during the lifetime of the Leah Abdullah Muhammad

Mabry, EX;

Executed and sealed by the voluntary act of my own hand, this _30_ day of _DECEMBER_ 2011.

This instrument prepared by: Leah Abdullah Muhammad Mabry, EX.

Acceptance:

DWIGHT D YORK, a/k/a MALAKAI Z. YORK, ISA MUHAMMAD, ISSA ALIHAD MAHDI
& BABA, GRANTOR _____

I, the above named exclusive attorney-in fact,
do hereby accept the fiduciary interest of the
herein-named Debtor-Grantor and will
execute the herein-granted
power-of-attorney with
due diligence.
Executor, Secured Party, Attorney in Fact

| **Part I** | **Power of Attorney** | | Telephone |
|---|---|---|---|
| | **Caution:** Form 2848 will not be honored for any purpose other than representation before the IRS. | | Function |

| 1   Taxpayer information. Taxpayer(s) must sign and date this form on page 2, line 9. | | | Date | / | / |
|---|---|---|---|---|---|

| Taxpayer name(s) and address | Social security number(s) | | | Employer identification number |
|---|---|---|---|---|
| ISSA AL HAADI AL MAHDI ESTATE dba ISSA AL HAADI AL MAHDI<br>C/O PO BOX 993<br>SUWANEE GA, 30024 | 064 | 36 | 0272 | |
| | na | | 45 | 6459976 |
| | Daytime telephone number<br>( 478 )   318-7730 | | | Plan number (if applicable)<br>n/a |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Leah Abdullah Muhammad Mabry**<br>C/O PO BOX 993<br>SUWANEE, GA 30024 | CAF No. _____<br>Telephone No.   (478)3187730<br>Fax No. _____<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____<br>Telephone No. _____<br>Fax No. _____<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |
| Name and address | CAF No. _____<br>Telephone No. _____<br>Fax No. _____<br>Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3   Tax matters**

| Type of Tax (Income, Employment, Excise, etc.)<br>or Civil Penalty (see the instructions for line 3) | Tax Form Number<br>(1040, 941, 720, etc.) | Year(s) or Period(s)<br>(see the instructions for line 3) |
|---|---|---|
| **Estate, Gifts and all applicable taxes** | **All Applicable forms** | **1945 to here and after** |
| | | |
| | | |
| | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific Uses Not Recorded on CAF** ▶ ☑

**5   Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative or add additional representatives, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 1 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Treasury Department Circular No. 230 (Circular 230). An enrolled retirement plan administrator may only represent taxpayers to the extent provided in section 10.3(e) of Circular 230. See the line 5 instructions for restrictions on tax matters partners. In most cases, the student practitioner's (levels k and l) authority is limited (for example, they may only practice under the supervision of another practitioner).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: **n/a**

**6   Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here _____ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

| For Privacy Act and Paperwork Reduction Act Notice, see page 4 of the instructions. | Cat. No. 11980J | Form **2848** (Rev. 6-2008) |
|---|---|---|

a   If you also want the second representative listed to receive a copy of notices or communications, check this box ▶ ☐

b   If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8   Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9   Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

| | | |
|---|---|---|
| _Leah A. Mabry_ | 10-12-11 | Co-Executor |
| Signature | Date | Title (if applicable) |

**Leah A. Muhammad Mabry**              ☐☐☐☐☐              **ISSA AL HAADI AL MAHDI EX, Executor**

Print Name                         PIN Number              Print name of taxpayer from line 1 if other than individual

| | | |
|---|---|---|
| Signature | Date | Title (if applicable) |

☐☐☐☐☐

Print Name                         PIN Number

---

| **Part II** | **Declaration of Representative** |
|---|---|

**Caution:** Students with a special order to represent taxpayers in qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program (levels k and l), see the instructions for Part II.

Under penalties of perjury, I declare that:

• I am not currently under suspension or disbarment from practice before the Internal Revenue Service;

• I am aware of regulations contained in Circular 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;

• I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and

• I am one of the following:

  **a**   Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

  **b**   Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

  **c**   Enrolled Agent—enrolled as an agent under the requirements of Circular 230.

  **d**   Officer—a bona fide officer of the taxpayer's organization.

  **e**   Full-Time Employee—a full-time employee of the taxpayer.

  **f**   Family Member—a member of the taxpayer's immediate family (for example, spouse, parent, child, brother, or sister).

  **g**   Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

  **h**   Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Circular 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 1 of the instructions.

  **k**   Student Attorney—student who receives permission to practice before the IRS by virtue of their status as a law student under section 10.7(d) of Circular 230.

  **l**   Student CPA—student who receives permission to practice before the IRS by virtue of their status as a CPA student under section 10.7(d) of Circular 230.

  **r**   Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–r) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| F | Estate | | |
| | | | |
| | | | |

Form **2848** (Rev. 6-2008)

RE 543 060 711 US

| Form **56**<br>(Rev. December 2007)<br>Department of the Treasury<br>Internal Revenue Service | **Notice Concerning Fiduciary Relationship**<br><br>(Internal Revenue Code sections 6036 and 6903) | OMB No. 1545-0013 |

## Part I  Identification

| Name of person for whom you are acting (as shown on the tax return)<br>ISSA AL HAADI AL MAHDI (Estate) dba DWIGHT D. YORK (TRUST) | Identifying number<br>45-6459976 | Decedent's social security no.<br>064 : 36 : 0272 |

Address of person for whom you are acting (number, street, and room or suite no.)
c/o 1814 Breton Hunt Ln, Suwanee Georgia 30024

City or town, state, and ZIP code (If a foreign address, see instructions.)
Suwanee, Georgia 30024

Fiduciary's name
Gregory J. Leonard, Clerk of court dba IN THE UNITED DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA

Address of fiduciary (number, street, and room or suite no.)
c/o Case No. 5:02-CR-27-1-HL / 475 Mulberry Street

| City or town, state, and ZIP code<br>Macon, Georgia 31202 | Telephone number (optional)<br>( 478  ) 752 - 3497 |

*INTERNAL REVENUE SERVICE*
*WAY~FIELD ASSISTANCE*
*ATLANTA, GA  30341*

## Part II  Authority

1    Authority for fiduciary relationship. Check applicable box:
a(1) ☐  Will and codicils or court order appointing fiduciary    **JAN 04 2012**    (2) Date of death _____
b(1) ☒  Court order appointing fiduciary    *PROOF OF DELIVERY ONLY*    (2) Date (see instructions) _____
c    ☐  Valid trust instrument and amendments  *THIS IS NOT AN OFFICIAL RECEIPT*
d    ☒  Other. Describe ► Post bonds for settlement of case No. 5:02-CR-27-1-HL immediate release of property inmate #17911-054 held at ____
c/o Admax Florence, Federal Correctional Institution, 5880 Hwy 67 South, Florence, Colorado 81226

## Part III  Nature of Liability and Tax Notices

2    Type of tax (estate, gift, generation-skipping transfer, income, excise, etc.) ► ESTATE / PUB 1450 IRC 6325(A)(2) AND 7101
3    Federal tax form number (706, 1040, 1041, 1120, etc.) ► STANDARD FORM 28,24,25,25A / OPTIONAL FORM 90,91
4    Year(s) or period(s) (if estate tax, date of death) ► MAY 7, 2002 - Herein (RELEASE IMMEDIATELY)
5    If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **all** items
     described on lines 2, 3, and 4, check here . . . . . . . . . . . . . . . . . . . . . . ► ☐
6    If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **some** (but not all)
     of the items described on lines 2, 3, and 4, check here ► ☐ and list the applicable federal tax form number and the year(s) or
     period(s) applicable  As directed post bond(s) for settlement of Case No. 5:02-CR-27-1-HL with immediate release of inmate #17911-054
     to c/o Leah Abdullah Muhammad Mabry Executor 1814 Breton Hunt Ln, Suwanee, Georgia 30024
     Give notice to all corresponding Agencies / Trustees

## Part IV  Revocation or Termination of Notice

### Section A—Total Revocation or Termination

7    Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal
     Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship . ► ☒
     Reason for termination of fiduciary relationship. Check applicable box:
a    ☒  Court order revoking fiduciary authority
b    ☐  Certificate of dissolution or termination of a business entity
c    ☒  Other. Describe ► As directed Post Bond(s) for settlement of Case, No. 5:02-CR-27-1-HL, when posted delete / Seal Case from records

### Section B—Partial Revocation

8a   Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service for
     the same tax matters and years or periods covered by this notice concerning fiduciary relationship . . . . . . . . ► ☒
b    Specify to whom granted, date, and address, including ZIP code.
     ► RE: Case No. 5:02-CR-27-1-HL, Opened MAY 7, 2002 - Herein c/o Middle District Court of Georgia, 475 Mulberry Street, Macon, Georgia 31202

### Section C—Substitute Fiduciary

9    Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and
     specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies) . . . . . . . . . . . . ► ☐
     ► NOTICE: DEPOSIT BONDS / CERTIFICATE OF DEPOSIT TO the c/o United States Treasury / Treasurer for settlement of CASE No.5:02-CR-27-1-HL
     Notice: Secretary of the treasury / treasurer in the even funds or credit misapplied, embezzled, purloined taken or concealed of this transaction.

For Paperwork Reduction Act and Privacy Act Notice, see back page.                 Cat. No. 16375I                 Form **56** (Rev. 12-2007)

Form 56 (Rev. 12-2007)                                                                                                          Page **2**

| **Part V** | **Court and Administrative Proceedings** | | | | |
|---|---|---|---|---|---|
| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency) | | | Date proceeding initiated | | |
| C. Ashley Royal Chief Judge dba IN THE UNITED STATED DISTRICT COURT OF MIDDLE DISTRICT OF GEORGIA | | | MAY 7, 2002 | | |
| Address of court | | | Docket number of proceeding | | |
| 475 Mulberry Street | | | 5:02-CR-27-1-HL | | |
| City or town, state, and ZIP code | Date | Time | a.m. | Place of other proceedings | |
| Macon, Georgia 31202 | N/A | N/A | p.m. | SEE INMATE #17911-054 CASE | |

| **Part VI** | **Signature** |
|---|---|

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

Please
Sign
Here

Fiduciary's signature

Executor                                    12-30-2011

Title, if applicable                        Date

Form **56** (Rev. 12-2007)

Thomas Michael Haney, Notary Public

**NOTARY PUBLIC**
FULTON COUNTY GEORGIA
MY COMMISSION EXPIRES
DECEMBER 4, 2015

RE 543 060 699 US

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION
**(Redacted Version)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | SUPERSEDING INDICTMENT |
| | ) | |
| vs. | ) | CRIM. NO. |
| | ) | |
| | ) | VIOLATIONS: |
| DWIGHT D. YORK, A/K/A | ) | |
| DR. MALACHI Z. YORK, A/K/A | ) | 18 U.S.C. § 1962(d)–RICO Conspiracy |
| ISA MUHAMMAD, A/K/A | ) | 18 U.S.C. § 1962(c)–RICO Acts |
| ISA AL HAADI AL MAHDI AND | ) | 18 U.S.C. § 371–MANN Act Conspiracy |
| A/K/A "BABA" | ) | 18 U.S.C. § 2423(a)–MANN Act- Minor Transport |
| | ) | 18 U.S.C. § 2423(b)–MANN Act Travel |
| | ) | 18 U.S.C. § 3283–MANN Act Limitations Statute |
| | ) | 18 U.S.C. § 2–Aiding and Abetting |
| | ) | 31 U.S.C. § 5324(a)(3)–Structuring Cash |
| | ) | 18 U.S.C. §1963–RICO Forfeiture |
| | ) | 18 U.S.C. § 2253(a)(3)–MANN Act Forfeiture |
| | ) | 18 U.S.C. § 2253(o)–MANN Act Forfeiture |

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
**(Conspiracy to Commit Racketeering Violations)**

From in or about January 1988, and continuing through May 8, 2002, in the Middle

District of Georgia and elsewhere within the jurisdiction of this Court, the Defendant

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a**
**ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA"**
(hereinafter referred to as "**DWIGHT YORK**"),

being a person employed by and associated with an enterprise described in Paragraph A below,

which was engaged in, and the activities of which affected, interstate commerce, did knowingly

and willfully combine, conspire, confederate and agree, and have tacit understanding with

unindicted co-conspirators and others, known and unknown to the Grand Jury, to violate Title 18,

United States Code, Section 1962(c); that is, to conduct and participate, directly and indirectly, in

A true and certified copy.
This_____, 20__
GREGORY J. LEONARD, CLERK
U.S. Dist. Court, MD Ga,
By:_____
Deputy Clerk

A true and certified copy
This_____, 20__
GREGORY J. LEONARD, CLERK
U. S. Dist. Court, MD Ga.
By:_____
DEPUTY CLERK

the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in

Title 18, United States Code, Sections 1961(1) and (5), which consisted of multiple acts of:

(1)     transporting minors in interstate commerce for purposes of engaging in unlawful

sexual activity, which is indictable under Title 18, United States Code, Section 2423(a), and

which is defined as knowingly transporting and causing to be transported individuals who had

not attained the age of eighteen years, in interstate commerce, with the intent that such minors

engage in unlawful sexual activity for which a person can be charged with a criminal offense,

including, but not limited to, violations of Georgia Code Sections 16-6-4 and 16-6-5, the

individuals not having yet reached the age of twenty-five years in accordance with Title 18,

United States Code, Section 3283;

(2)     traveling in interstate commerce for the purpose of engaging in unlawful sexual

activity with minors, which is indictable under Title 18, United States Code, Section 2423(b),

and which is defined as knowingly traveling in interstate commerce for the purpose of engaging

in an unlawful sexual act as defined in Title 18, United States Code, Section 2246(2), with a

person under the age of eighteen, and under such circumstances as would constitute a violation of

Title 18, United States Code, Section 2243(a), had the sexual acts occurred in the special

maritime and territorial jurisdiction of the United States, the person not having yet

reached the age of twenty-five years in accordance with Title 18, United States Code, Section

3283; and

(3)     structuring cash transactions to evade currency transactions reporting

requirements, which is indictable under Title 31, United States Code, Section 5324(a)(3), and

which is defined as knowingly and willfully, and for the purpose of evading reporting

2

requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated

therein, assisting in structuring a financial transaction with a domestic financial institution,

whose deposits were then insured by the Federal Deposit Insurance Corporation, by making

multiple deposits of United States currency in amounts less than $10,000.00, in violation of Title

31, United States Code, Section 5324(a)(3), in connection with Title 31, United States Code,

Section 5313(a), and Title 18, United States Code, Section 2.


A.    **THE ENTERPRISE**

At all times material to this Superseding Indictment, there existed an organization,

currently called the United Nation of Nuwaubian Moors (hereinafter referred to as the

"Nuwaubians"), that was also known as The Tents of Kedar, Ansaru Allah Community, Ancient

Mystic Order of the Melchizedek and Al Mahdi Shriners.   The Nuwaubians operated primarily

in Kings County, New York, Sullivan County, New York, Athens-Clarke County, Georgia, Bibb

County, Georgia, and Putnam County, Georgia.   The Nuwaubians were a religious organization

that consisted of approximately 5,000 members; including, but not limited to, **DWIGHT YORK**

and unindicted co-conspirators and others, both known and unknown to the Grand Jury.

At all times material to this Superseding Indictment, the Nuwaubians, including its

leadership and members, constituted an "enterprise," as defined by Title 18, United States Code,

Section 1961(4); that is, a group of individuals associated in fact, although not a legal entity.  The

enterprise constituted an ongoing organization whose members functioned as a continuing unit

for the common purpose of achieving the objectives of the enterprise.  This enterprise was

engaged in, and its activities affected, interstate commerce.

3

At all times material to this Superseding Indictment, **DWIGHT YORK** was the leader of the enterprise who participated in, and directed and managed other members of the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise, including the transport of minors in interstate commerce for purposes of engaging in unlawful sexual activity, traveling in interstate commerce for purposes of engaging in unlawful sexual activity and the structuring of cash transactions to evade currency transactions reporting requirements.

B.      **PURPOSES OF THE ENTERPRISE**

It was a purpose of the enterprise that **DWIGHT YORK**, as the leader of the Nuwaubians, and with the assistance of other members of the enterprise, created living communities for men, women and children who became followers of his religious teachings. **DWIGHT YORK** and other members of the enterprise would segregate minor aged boys and girls residing in his communities from their parents, groom minors for purposes of engaging in unlawful sexual activity, engage with minors in unlawful sexual activity and transport minors in interstate commerce for purposes of engaging in unlawful sexual activity.

It was a further purpose of the enterprise that **DWIGHT YORK** kept minor victims and their parents, and his other followers in fear of the enterprise, and in fear of its members, through violence and threats of violence.

It was a further purpose of the enterprise that **DWIGHT YORK**, with the assistance of other members of the enterprise, would and did attempt to conceal the activities of the enterprise

4

from the outside community by requiring that its members, its followers and their children, reside and work on properties owned and controlled by the enterprise.

It was a further purpose of the enterprise that **DWIGHT YORK**, with the assistance of other members of the enterprise, maintained the secrecy of the enterprise by directing its members to conceal the financial activities of the enterprise by structuring cash transactions to evade currency transaction reporting requirements.

## C.    MANNER AND MEANS OF THE ENTERPRISE

The manner and means used by the enterprise to further its goals and achieve its purposes include the following:

(1)    **DWIGHT YORK** directed that other members of the enterprise, his followers and their children, live and work in tightly controlled communities that consisted of buildings and land owned and administered by the enterprise;

(2)    **DWIGHT YORK** created all the rules for the enterprise, its other members and his followers and their children, and imposed punishments for infractions;

(3)    **DWIGHT YORK** and other members of the enterprise, taught followers that **DWIGHT YORK** was a god-like figure;

(4)    **DWIGHT YORK** and other members of the enterprise, directed that his followers refer to him as "Imam Esa," terms they were taught meant "father" and "Jesus" respectively in arabic.

(5)    **DWIGHT YORK** and other members of the enterprise, taught minor aged followers to call **DWIGHT YORK** "Baba," another name for father;

(6)      **DWIGHT YORK** directed that other members of the enterprise, its followers and their children, live segregated by sex and age, such that women and men lived in separate houses, and children lived in houses separate from their parents and segregated by age and sex;

(7)      **DWIGHT YORK** determined when married couples could engage in sexual relations;

(8)      **DWIGHT YORK** and other members of the enterprise, claimed that the enterprise's residential and work communities constituted a sovereign nation, and provided members of the enterprise and its followers with fraudulent passports;

(9)      **DWIGHT YORK** and other members of the enterprise, taught children residing on properties owned by the enterprise to obey **DWIGHT YORK** instead of their parents;

(10)     **DWIGHT YORK** and other members of the enterprise, administered the enterprise's communities so that residents relied on **DWIGHT YORK** for all necessities, including food, clothing, money and personal hygiene items;

(11)     **DWIGHT YORK** ordered other members of the enterprise, that were his sexual partners, to bring minor aged boys and girls to him for purposes of engaging with them in unlawful sexual activity;

(12)     To isolate and entice child victims selected for **DWIGHT YORK'S** unlawful sexual activity, **DWIGHT YORK** and other members of the enterprise, invited child victims to clean and work in his private residences located on properties owned by the enterprise;

(13)     **DWIGHT YORK** targeted minor aged siblings as victims of his unlawful sexual activities;

(14)    **DWIGHT YORK**, along with other members of the enterprise, gave minor aged victims instructions on how to perform sexual acts for and with **DWIGHT YORK**;

(15)    **DWIGHT YORK**, and other members of the enterprise, showed minor victims pornographic video tapes;

(16)    **DWIGHT YORK**, and other members of the enterprise, told minor, female victims that it was normal, as part of a custom purportedly practiced in Sudan, Africa, for fathers and uncles to engage in sexual acts with their daughters and nieces for the purpose of preparing minor females for marriage;

(17)    **DWIGHT YORK**, and other members of the enterprise, instructed older minor victims to recruit younger children for purposes of engaging in unlawful sexual activity;

(18)    **DWIGHT YORK** and other members of the enterprise, employed certain methods for grooming minor victims into engaging in unlawful sexual activity, including promises and gifts of jewelry, food, clothing and other special privileges;

(19)    **DWIGHT YORK** supplied minor victims with alcoholic beverages prior to engaging with them in unlawful sexual activity;

(20)    **DWIGHT YORK** and other members of the enterprise, sexually molested minors in groups with other children, and in groups with members of the enterprise;

(21)    **DWIGHT YORK**, Kathy Johnson and other members of the enterprise, video taped **DWIGHT YORK'S** unlawful sexual activity with minors;

(22)    **DWIGHT YORK** destroyed, and ordered others to destroy, pornographic video tapes;

(23)   **DWIGHT YORK** and members of the enterprise, promoted a climate of fear among minor victims through threats of violence directed at minor victims and their parents, threats of and expulsion from the organization's residential communities, and the loss to minors, who refused **DWIGHT YORK'S** sexual advances, of gifts of food, clothing and special privileges;

(24)   **DWIGHT YORK** promoted the activities of the enterprise, by purchasing large, isolated real properties where minors could be sexually molested without the knowledge of and opposition from the outside community;

(25)   **DWIGHT YORK** and other members of the enterprise, transported and caused to be transported minor aged victims in interstate commerce for purposes of engaging in unlawful sexual activity;

(26)   **DWIGHT YORK** traveled in interstate commerce for purposes of engaging in unlawful sexual activity with minors;

(27)   **DWIGHT YORK** and other members of the enterprise, continued to engage in unlawful sexual activity with victims until the victims were able to leave property owned by the enterprise;

(28)   **DWIGHT YORK** and other members of the enterprise, maintained the secrecy of the enterprise by forbidding minor aged  victims, when seeking medical attention, to answer the questions of medical personnel;

(29)   **DWIGHT YORK** further maintained the secrecy of the enterprise by using and threatening to use physical violence against various individuals;

8

(30)   **DWIGHT YORK** further maintained the secrecy of the enterprise by directing its members to conceal the financial activities of the enterprise;

(31)   **DWIGHT YORK** and other members of the enterprise used income earned by the enterprise to further **DWIGHT YORK'S** unlawful sexual activity with minors, through the purchases of gifts, visits to restaurants and trips to Disney World;

(32)   **DWIGHT YORK** and other members of the enterprise, earned income for the enterprise through three financial operations: the Holy Tabernacle Stores, the Holy Tabernacle Ministries and the Ancient Mystic Order of the Mechizedek;

(33)   **DWIGHT YORK** and other members of the enterprise, owned or permitted followers to own, and operate franchises of, the Holy Tabernacle Stores: a series of stores located in various U.S. cities that sold Nuwaubian merchandise, including books written by **DWIGHT YORK** and audio and video tapes produced by **DWIGHT YORK**, tee shirts, candles, incense, lotions and shampoos;

(34)   **DWIGHT YORK** and other members of the enterprise, operated the Holy Tabernacle Ministries, which involved a mail order service; whereby, prospective Nuwaubian followers were required to purchase "passports" created by the enterprise at the cost of Twenty five ($25.00) dollars annually;

(35)   **DWIGHT YORK** and other members of the enterprise, through the operation of the Holy Tabernacle Ministries, sold professional certifications and degrees issued by the enterprise, including Doctorates of Divinity, and rabbi and ministerial certifications, at an approximate cost of Fifty ($50.00) dollars each;

(36)     **DWIGHT YORK** and other members of the enterprise, operated the Ancient Mystic Order of the Melchizedek (also called "AMOM"), a religious order of the enterprise, in which approximately 5,000 members were required to pay an annual membership fee of Twenty-seven ($27.00) dollars;

(37)     **DWIGHT YORK** and other members of the enterprise, by operation of the Ancient Mystic Order of the Melchezedek, sold prayer rugs, religious pamphlets and clothing through a mail order service, and conducted a weekly ceremony of the Order at the Eatonton, Putnam County, Georgia, property;

(38)     **DWIGHT YORK** and other members of the enterprise, required that followers assigned to work in the enterprise's finance office collect income generated by the enterprise through the operation of the Holy Tabernacle Stores, the Holy Tabernacle Ministries and the Ancient Mystic Order of the Melchizedek;

(39)     **DWIGHT YORK** and other members of the enterprise, directed that followers from the finance office deposit monies collected by the enterprise through the operation of the Holy Tabernacle Stores, the Holy Tabernacle Ministries and the Ancient Mystic Order of the Melchizedek, into one of three bank accounts maintained by the enterprise in the names of the "Malachi Z. York d/b/a Holy Tabernacle Store," "AMOM/Sisters of Aset," and a personal account in the name of "Malachi Z. York," all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation;

(40)     **DWIGHT YORK** and other members of the enterprise, directed that followers from the finance office remove dollar bills in denominations less than Fifty ($50.00) dollars

10

from those monies earned by the Holy Tabernacle Stores, the Holy Tabernacle Ministries and the Ancient Mystic Order of the Melchizedek, and deposit those small bills into one of three bank accounts maintained by the enterprise;

(41)   **DWIGHT YORK** and other members of the enterprise, directed that followers from the finance office remove dollar bills in denominations equal to and greater than Fifty ($50.00) dollars from those monies earned by the Holy Tabernacle Stores, the Holy Tabernacle Ministries and the Ancient Mystic Order of the Melchizedek, and deliver those large bills to **DWIGHT YORK** for his private use;

(42)   **DWIGHT YORK** and other members of the enterprise, ordered followers from the finance office to convert monies maintained by **DWIGHT YORK** for his private use into money orders labeled "donations," and to deposit those "donations" into one of three bank accounts maintained by the enterprise; and

(43)   **DWIGHT YORK** and other members of the enterprise, ordered followers from the finance office to further conceal the financial activities of the enterprise by structuring cash transactions to evade currency transaction reporting requirements when making banking deposits.

D.   **OVERT ACTS**

In furtherance of the conspiracy, and to effect the objects and purposes of the conspiracy, **DWIGHT YORK** along with unindicted co-conspirators and others, both known and unknown to the Grand Jury, committed various overt acts, including but not limited to, the following:

(1)   In or about January 1988, at property owned by the enterprise in Kings County, New York, members of the enterprise recruited Person-1 (Person hereafter referred to as "P"),

11

for purposes of engaging in unlawful sexual activity with **DWIGHT YORK**, at a time when P-1 was approximately age 13;

(2)     In or about January 1988, at property owned by the enterprise in Kings County, New York, **DWIGHT YORK**, in the presence of adult, female members of the enterprise, forced P-1 to perform oral sex on him at a time when P-1 was approximately age 13;

(3)     In or about 1988, at property owned by the enterprise in Kings County, New York, members of the enterprise brought P-17, then approximately age 13, to work in **DWIGHT YORK'S** private residence, along with P-1, then approximately age 13, and P-13;

(4)     In or about 1988, at his private residence located on property owned by the enterprise in Kings County, NewYork, **DWIGHT YORK** showed P-17 pictures of male genitalia and pornographic video tapes, at a time when P-17 was approximately age 13;

(5)     In or about 1988, at property owned by the enterprise in Kings County, New York, members of the enterprise asked P-17, then approximately age 13,  to engage in unlawful sexual activity with **DWIGHT YORK** as part of a purported African custom;

(6)     In or about 1988, at property owned by the enterprise in Kings County, New York, **DWIGHT YORK** told P-17, then approximately age 13, that her sister, P-20, then approximately age 7, was "cute" and to bring P-20 to his house;

(7)     In or about 1988, at property owned by the enterprise in Kings County, New York, **DWIGHT YORK**, and members of the enterprise, caused P-1, then approximately age 13, to engage in anal intercourse with **DWIGHT YORK**;

(8)     In or about the Summer of 1991, **DWIGHT YORK** directed that P-1, P-17 and P-13, move to property purchased by the enterprise in Sullivan, County, New York;

(9)     In or about 1990, at property owned by the enterprise in Sullivan County, New York, **DWIGHT YORK** anally molested P-17, who was then approximately age 15;

(10)     In or about 1990, in Sullivan County, New York, **DWIGHT YORK** directed P-17, then approximately age 15, to recruit other young girls for his unlawful sexual activity, including p-27, P-6, P-19 and P-22, all of whom were approximately age 14 at the time;

(11)     In or about 1990, in a trailer located on property owned by the enterprise in Sullivan County, New York, and used by **DWIGHT YORK** as his private residence, **DWIGHT YORK** and other members of the enterprise, in the presence of P-1, then approximately age 14, engaged in group sexual activity with P-17 and P-13, both of whom were approximately age 15 at the time;

(12)     In or about 1991, at property owned by the enterprise in Sullivan County, New York, **DWIGHT YORK**, in the presence of P-1, fondled P-8, who was approximately age 4 at the time of the molestation;

(13)     In or about 1992, in a trailer located on property owned by the enterprise in Sullivan County, New York, and used by **DWIGHT YORK** as his private residence, **DWIGHT YORK**, in the presence of P-1, forced P-8 to perform oral sex on him, at a time when P-8 was approximately age 5;

(14)     In or about 1992, in a trailer located on property owned by the enterprise in Sullivan County, New York, and used by **DWIGHT YORK** as his private residence, **DWIGHT YORK** engaged in group sexual activity with P-20, then approximately age 8, and P-8, then approximately age 5;

13

(15)     In or about 1992, at property owned by the enterprise in Sullivan County, New York, **DWIGHT YORK** forced P-20, then approximately age 8, to perform oral sex on him;

(16)     In or about 1992, in a trailer located on property owned by the enterprise in Sullivan County, New York, and used by **DWIGHT YORK** as his private residence, **DWIGHT YORK** and P-13, engaged in sexual activity with P-17 and P-20's brother, P-21 and was approximately age 7 at the time of the molestation;

(17)     In or about 1992, at property owned by the enterprise in Sullivan County, New York, **DWIGHT YORK** gave P-23, then approximately age 13, a gold bracelet and invited the girl to his private residence to watch television;

(18)     In or about 1993, at property owned by the enterprise in Sullivan County, New York, **DWIGHT YORK**, in the presence of P-1, fondled P-12, who was approximately age 4 at the time of the molestation;

(19)     In or about January 1993, **DWIGHT YORK** and other members of the enterprise, purchased approximately 444 acres of land located at 404 Shady Dale Road in Eatonton, Putnam County, Georgia, for the purpose of relocating the enterprise from Sullivan County, New York;

(20)     In or about February 1993, **DWIGHT YORK** directed Kathy Johnson and P-1 to travel from Sullivan County, New York, to the enterprise's new location in Putnam County, Georgia;

(21)     In or about February 1993, **DWIGHT YORK** directed P-1 to create a list of his followers residing in Sullivan County, New York, including their respective ages, from which he selected those individuals whom he desired to relocate to the enterprise's new location in Putnam County, Georgia;

14

(22)    In or about February 1993, **DWIGHT YORK**, and other members of the enterprise known and unknown to the Grand Jury, transported and caused to be transported, P-12, a minor at the time, from Sullivan County, New York, to Putnam County, Georgia, for the purpose of continuing to engage with **DWIGHT YORK** in unlawful sexual activity;

(23)    In or about April 1993, **DWIGHT YORK** directed Kathy Johnson and P-1 to arrange for the transport of certain of his followers from Sullivan County, New York, to the enterprise's new location in Putnam County, Georgia;

(24)    In or about April 1993, **DWIGHT YORK** and other members of the enterprise, directed that minors, with whom **DWIGHT YORK** and other members of the enterprise were engaged in unlawful sexual activity, move to Putnam County, Georgia, with the first groups of Nuwaubian followers to relocate to Putnam County, Georgia;

(25)    In or about April 1993, **DWIGHT YORK**, and other members of the enterprise known and unknown to the Grand Jury, caused P-23, a minor at the time, to be transported from Kings County, New York, to Bibb County, Georgia, for the purpose of continuing to engage with **DWIGHT YORK** in unlawful sexual activity;

(26)    In or about April 1993, **DWIGHT YORK**, and other members of the enterprise known and unknown to the Grand Jury, caused P-8, P-20 and P-21, all minors at the time, to be transported from Sullivan County, New York, to Putnam County, Georgia, for the purpose of continuing to engage with **DWIGHT YORK** in unlawful sexual activity;

(27)    Between in or about April 1993, through in or about September 2000, **DWIGHT YORK** directed P-9 to refuse to complete Currency Transaction Reports (CTRs) when making cash deposits into bank accounts maintained by the enterprise;

(28)    Between in or about April 1993, through in or about September 2000, **DWIGHT YORK** told P-9 to refuse to complete Currency Transaction Reports (CTRs) when making cash deposits into bank accounts maintained by the enterprise, in order to prevent the Internal Revenue Service from questioning the activities of the enterprise;

(29)    On August 2, 1993, P-1 at age 17, bore a son fathered by **DWIGHT YORK**;

(30)    In or about 1993, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, in the presence of P-1, forced P-20, then approximately age 9, to perform oral sex on him;

(31)    In or about 1993, at his private residence in Putnam County, Georgia, **DWIGHT YORK** anally molested P-20, then approximately age 10;

(32)    In or about 1993, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, in the presence of P-1, inserted his penis into the mouth of P-6's brother, P-5, who was then approximately age 13;

(33)    In or about 1993, in Putnam County, Georgia, **DWIGHT YORK** directed P-5, then approximately age 13, to bring P-21, then approximately age 8, to him (**DWIGHT YORK**);

(34)    In or about 1993, at his private residence in Putnam County, Georgia, **DWIGHT YORK** and Kathy Johnson engaged in sexual activity, including oral sex, with P-5, then approximately age 13, and P-21, then approximately age 8;

(35)    In or about November 1993, at **DWIGHT YORK'S** direction, P-1 approached P-23 in Putnam County, Georgia, and told P-23 that **DWIGHT YORK** wished to have sex with her as part of a purported custom in Sudan, Africa, at a time when P-23 was approximately age 14;

(36)    In or about November 1993, **DWIGHT YORK** took P-23 to dinner and bought P-23 new clothes and a ring;

(37)    On or about November 20, 1993, **DWIGHT YORK**, at his private residence in Putnam County, Georgia, forced P-23 and P-25, both approximately age 14 at the time, to engage together with him in oral and vaginal sex;

(38)    In or about November 1993, at his private residence in Putnam County, Georgia, **DWIGHT YORK** engaged in anal sex with P-23, then approximately age 14;

(39)    In or about November 1993, at the private residence of **DWIGHT YORK** in Putnam County, Georgia, Kathy Johnson performed oral sex on and inserted her fingers into the vagina of P-23, then approximately age 14;

(40)    In or about 1994, at his private residence in Putnam County, Georgia, **DWIGHT YORK** directed P-19 to perform oral sex on P-5, who was then approximately age 14;

(41)    In or about 1994, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, in the presence of P-21, then approximately age 9, forced P-12, then approximately age 5, to perform oral sex on **DWIGHT YORK**;

(42)    In or about 1995, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, along with Kathy Johnson, P-13 and P-19, engaged in sexual activity with P-20, then approximately age 11, in groups with other minors, including P-7, P-8, P-11, P-14, P-26 and P-23;

(43)    In or about 1996, **DWIGHT YORK** directed P-26 to bring P-15, then approximately age 10, to his private residence in Putnam County, Georgia to clean;

17

(44)   In or about 1996, while cleaning at **DWIGHT YORK'S** private residence in Putnam County, Georgia, P-26, then approximately age 12, encouraged P-15, then approximately age 10, to touch **DWIGHT YORK'S** penis;

(45)   In or about 1996, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, with the participation of Kathy Johnson and in the presence of P-15, then approximately age 11, forced P-8, then approximately age 10, to perform oral sex on him;

(46)   In or about 1996, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, with the participation of Kathy Johnson, vaginally and anally molested P-15 who was then approximately age 11;

(47)   In or about 1996, **DWIGHT YORK** traveled from Putnam County, Georgia, to Orange County, Florida, to engage in unlawful sexual activity with P-20, P-14 and P-26;

(48)   In or about 1996, **DWIGHT YORK** and other members of the enterprise, transported P-20, P-14 and P-26 from Putnam County, Georgia, to Orange County, Florida, to engage with **DWIGHT YORK** in unlawful sexual activity;

(49)   In or about 1996, **DWIGHT YORK**, while at a hotel in Disney World located in Orange County, Florida, with minors P-20 and P-14, forced P-26, then a minor and in the presence of P-20, to perform oral sex on him;

(50)   In or about 1996, **DWIGHT YORK**, while at a hotel in Disney World located in Orange County, Florida, with minors P-20 and P-26, forced P-14, then a minor, to sleep with him in his bedroom;

18

(51)     In or about 1998, at **DWIGHT YORK'S** recording studio located in Putnam County, Georgia, **DWIGHT YORK** told P-5's brother, P-16, then approximately age 14, to touch **DWIGHT YORK'S** penis;

(52)     In or about 1998, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, in the presence of P-16, then approximately age 14, forced P-12, then approximately age 9, to perform oral sex on **DWIGHT YORK**;

(53)     In or about 1998, In Putnam County, Georgia, **DWIGHT YORK** requested that P-23' sister, P-24, born on August 23, 1982, watch television at his residence, after which he forced P-24, then approximately age 16, to watch him engage in vaginal intercourse with P-1;

(54)     In or about 1998, at his private residence in Putnam County, Georgia, **DWIGHT YORK** engaged in unlawful sexual activity with P-24, then approximately age 16, in groups with P-20 and P-10, both of whom were also minors at the time;

(55)     In or around 1998, **DWIGHT YORK** opened three bank accounts in the names of the "Malachi Z. York d/b/a Holy Tabernacle Store," account number 13111201, "AMOM/Sister of Aset," account number 13111333, and a personal account in the name of "Malachi Z. York," all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation;

(56)     In or about 1999, at the property located in Athens-Clarke County, Georgia, **DWIGHT YORK** forced P-20, then approximately age 15, to engage in sexual activity with **DWIGHT YORK** in groups with other minors, including P-4, P-2 and P-3, P-10 and P-15;

19

(57)    In or around 1998, **DWIGHT YORK** directed P-1 to refuse to complete Currency Transaction Reports (CTRs) when making cash deposits into bank accounts maintained by the enterprise;

(58)    In or about 1999, at his private residence in Putnam County, Georgia, **DWIGHT YORK**, in the presence of P-8, forced P-16's sister, P-4, then approximately age 12, to touch his penis;

(59)    In or about 1999, **DWIGHT YORK** and other members of the enterprise, purchased an approximately 10,000 square foot residence in Athens-Clarke County, Georgia, located at 155 Mansfield Court, where **DWIGHT YORK** moved the financial office of the enterprise;

(60)    On September 29, 1999, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $7,562.00, for purposes of evading currency transaction reporting requirements;

(61)    On September 29, 1999, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $7,562.00, for purposes of evading currency transaction reporting requirements;

(62)    On September 30, 1999, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $110.00, for purposes of evading currency transaction reporting requirements;

(63)    On September 30, 1999, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $110.00, for purposes of evading currency transaction reporting requirements;

(64)     On September 30, 1999, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $8,300.00, for purposes of evading currency transaction reporting requirements;

(65)     On September 30, 1999, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $8,300.00, for purposes of evading currency transaction reporting requirements;

(66)     On October 6, 1999, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $4,833.00, for purposes of evading currency transaction reporting requirements;

(67)     On October 6, 1999, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $4,833.00, for purposes of evading currency transaction reporting requirements;

(68)     On October 8, 1999, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $4,000.00, for purposes of evading currency transaction reporting requirements;

(69)     On October 8, 1999, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $4,000.00, for purposes of evading currency transaction reporting requirements;

(70)     On October 8, 1999, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $2,803.00, for purposes of evading currency transaction reporting requirements;

(71)     On October 8, 1999, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $2,803.00, for purposes of evading currency transaction reporting requirements;

(72)     In or around January 2000, **DWIGHT YORK** threatened to kill P-20 and P-8;

(73)     On April 5, 2000, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $8,876.00, for purposes of evading currency transaction reporting requirements;

(74)     On April 5, 2000, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $8,876.00, for purposes of evading currency transaction reporting requirements;

(75)     On April 11, 2000, P-1 wrote a Wachovia Bank deposit slip for cash proceeds for Holy Tabernacle Store, account number 13111201, in the amount of $7,805.00, for purposes of evading currency transaction reporting requirements;

(76)     On April 11, 2000, a member of the enterprise deposited into account number 13111201 at Wachovia Bank, cash proceeds from Holy Tabernacle Store, in the amount of $7,805.00, for purposes of evading currency transaction reporting requirements;

(77)     In or about November 2000, **DWIGHT YORK** told P-15 that he believed P-20 wrote a letter to the Sheriff of Eatonton, Georgia, and that he (**YORK**) knew someone in the state of Virginia that could be hired to kill P-20;

(78)     In or about February 2001, **DWIGHT YORK** hit, kicked and threatened to have P-1 killed after P-1 asked to leave the property in Putnam County, Georgia;

(79)    On April 23, 2002, **DWIGHT YORK** drove to an "O'Charley's" restaurant in Covington, Georgia, with minors P-4, P-2 and P-3, P-18 and P-26, all of whom were then minors that **DWIGHT YORK** was engaging in unlawful sexual activity; and

(80)    On April 24, 2002, **DWIGHT YORK** told P-22 that followers cooperating with a criminal investigation being conducted by the Sheriff of Putnam County, Georgia, needed to be "taken care of."

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO

A.    **THE RACKETEERING VIOLATION**

1.    Paragraphs C and D of **COUNT ONE** of this Superseding Indictment are re-alleged and incorporated by reference herein.

2.    From in or about January 1988, and continuing through on or about May 8, 2002, in the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a
ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA"**
(hereinafter referred to as "**DWIGHT YORK**")

and others known and unknown to the Grand Jury, being persons employed by and associated with the Nuwaubians described above, which was an enterprise engaged in, and the activities of which affected, interstate commerce, unlawfully and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity; that is, through the commission of the following Racketeering Acts, as set forth in Paragraph B below.

23

B.     **THE PATTERN OF RACKETEERING ACTIVITY**

The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

1.     **Racketeering Act One–**
       **Transporting Minors in Interstate Commerce for Unlawful Sexual Activity**

In or about February 1993, in the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT YORK**

and others known and unknown to the Grand Jury, knowingly transported and caused to be transported P-12, an individual who had not attained the age of eighteen years, in interstate commerce from Sullivan County, New York, to Putnam County, Georgia, with the intent that such minor continue to engage in unlawful sexual activity for which a person can be charged with a criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and 16-6-5, the individual not having yet reached the age of twenty-five years in accordance with Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code, Sections 2423(a) and 2.

2.     **Racketeering Act Two–**
       **Transporting Minors in Interstate Commerce for Unlawful Sexual Activity**

In or about April 1993, in the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT YORK**

and others known and unknown to the Grand Jury, knowingly transported and caused to be transported P-8, P-20 and P-21, individuals who had not attained the age of eighteen years, in

24

interstate commerce from Sullivan County, New York, to Putnam County, Georgia, with the

intent that such minors engage in unlawful sexual activity for which a person can be charged with

a criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and

16-6-5, the individuals not having yet reached the age of twenty-five years in accordance with

Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code,

Sections 2423(a) and 2.

3.      **Racketeering Act Three–**
        **Transporting Minors in Interstate Commerce for Unlawful Sexual Activity**

In or about April 1993, in the Middle District of Georgia, and elsewhere within the

jurisdiction of this Court, the Defendant,

### DWIGHT YORK

and others known and unknown to the Grand Jury, knowingly transported and caused to be

transported P-23, an individual who had not attained the age of eighteen years, in interstate

commerce from Kings County, New York, to Bibb County, Georgia, and Putnam County,

Georgia, with the intent that such minor engage in unlawful sexual activity for which a person

can be charged with a criminal offense, including, but not limited to, violations of Georgia Code

Sections 16-6-4 and 16-6-5, the individuals not having yet reached the age of twenty-five years in

accordance with Title 18, United States Code, Section 3283, all in violation of Title 18, United

States Code, Sections 2423(a) and 2.

4.      **Racketeering Act Four–**
        **Transporting Minors in Interstate Commerce for Unlawful Sexual Activity**

In or about 1996, in the Middle District of Georgia, and elsewhere within the jurisdiction

of this Court, the Defendant,

**DWIGHT YORK**

and others known and unknown to the Grand Jury, knowingly transported and caused to be

transported P-20, P-14 and P-26, all individuals who had not attained the age of eighteen years,

in interstate commerce from Putnam County, Georgia, to Orange County, Florida, with the intent

that such minors engage in unlawful sexual activity for which a person can be charged with a

criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and

16-6-5, the individuals not having yet reached the age of twenty-five years in accordance with

Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code,

Sections 2423(a) and 2.

5.    **Racketeering Act Five–**
      **Structuring Cash Transaction to Evade Currency Transactions Reporting**
      **Requirements**

      Between on or about September 29, 1999 and on or about September 30, 1999, in the

Middle District of Georgia, the Defendant,

**DWIGHT YORK**

aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully, and

for the purpose of evading reporting requirements of Title 31, United States Code, Section

5313(a), and the regulations promulgated therein, assisted in structuring a financial transaction

with a domestic financial institution, by directing others known and unknown to the Grand Jury,

to only deposit United States currency in an amount less than $10,000.00; to wit: by causing

$7,562.00 in United States currency to be deposited into an account for the Holy Tabernacle

Store, account number 13111201, on or about September 29, 1999, by causing $110.00 in United

States currency to be deposited into an account for the Holy Tabernacle Store, account number

13111201, on or about September 30, 1999, and by causing $8,300.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about September 30, 1999, all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 31, United States Code, Section 5324(a)(3), in connection with Title 31, United States Code, Section 5313(a), and Title 18, United States Code, Section 2.

6.    **Racketeering Act Six–**
      **Structuring Cash Transaction to Evade Currency Transactions Reporting**
      **Requirements**

Between on or about October 6, 1999 and on or about October 8, 1999, in the Middle District of Georgia, the Defendant,

### DWIGHT YORK

aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully, and for the purpose of evading reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated therein, assisted in structuring a financial transaction with a domestic financial institution, by directing others known and unknown to the Grand Jury, to only deposit United States currency in an amount less than $10,000.00; to wit: by causing $4,833.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about October 6, 1999, by causing $4,000.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about October 8, 1999, and by causing $2,803.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or

27

about October 8, 1999, all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-

Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal

Deposit Insurance Corporation, in violation of Title 31, United States Code, Section 5324(a)(3),

in connection with Title 31, United States Code, Section 5313(a), and Title 18, United States

Code, Section 2.

7.     **Racketeering Act Seven–**
       **Structuring Cash Transaction to Evade Currency Transactions Reporting**
       **Requirements**

       Between on or about April 5, 2000 and on or about April 11, 2000, in the Middle District

of Georgia, the Defendant,

## DWIGHT YORK

aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully, and

for the purpose of evading reporting requirements of Title 31, United States Code, Section

5313(a), and the regulations promulgated therein, assisted  in structuring a financial transaction

with a domestic financial institution, by directing others known and unknown to the Grand Jury,

to only deposit United States currency in an amount less than $10,000.00; to wit: by causing

$8,876.00 in United States currency to be deposited into an account for the Holy Tabernacle

Store, account number 13111201, on or about April 5, 2000, and by causing $7,805.00 in United

States currency to be deposited into an account for the Holy Tabernacle Store, account number

13111201, on or about April 11, 2000, all at Wachovia Bank located at 1200 Mitchell Bridge

Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured

by the Federal Deposit Insurance Corporation, in violation of Title 31, United States Code,

Section 5324(a)(3), in connection with Title 31, United States Code, Section 5313(a), and Title

18, United States Code, Section 2.

All in violation of Title 18, United States Code, Sections 1962(c) and 2.

## COUNT THREE
**(Conspiracy to Transport Minors in Interstate Commerce for Unlawful Sexual Activity and
Conspiracy to Commit Structuring of Cash Transactions)**

1.      **COUNTS ONE** and **TWO** of this Superseding Indictment, are re-alleged and

incorporated by reference herein.

2.      From in or about January 1988, and continuing through May 8, 2002, in the Macon

Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a
ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

knowingly and willfully conspired with unindicted co-conspirators and others, both known and

unknown to the Grand Jury, to commit certain offenses against the United States in violation of

Title 18, United States Code, Section 371, namely:

(A)      transporting minors in interstate commerce for purposes of engaging in unlawful

sexual activity, which is chargeable under Title 18, United States Code, Section 2423(a), and

which is defined as knowingly transporting and causing to be transported individuals who had

not attained the age of eighteen years, in interstate commerce, with the intent that such minors

engage in unlawful sexual activity for which a person can be charged with a criminal offense,

including, but not limited to, violations of Georgia Code Sections 16-6-4 and 16-6-5, the

29

individuals not having yet reached the age of twenty-five years in accordance with Title 18, United States Code, Section 3283;

(B)     traveling in interstate commerce for the purpose of engaging in unlawful sexual activity with minors, which is indictable under Title 18, United States Code, Section 2423(b), and which is defined as knowingly traveling in interstate commerce for the purpose of engaging in an unlawful sexual act as defined in Title 18, United States Code, Section 2246(2), with a person under the age of eighteen, and under such circumstances as would constitute a violation of Title 18, United States Code, Section 2243(a), had the sexual acts occurred in the special maritime and territorial jurisdiction of the United States, the person not having yet reached the age of twenty-five years in accordance with Title 18, United States Code, Section 3283; and

(C)     structuring cash transactions to evade currency transactions reporting requirements, which is chargeable under Title 31, United States Code, Section 5324(a)(3), and which is defined as knowingly and willfully, and for the purpose of evading reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated therein, assisting in structuring a financial transaction with a domestic financial institution, whose deposits were then insured by the Federal Deposit Insurance Corporation, by making multiple deposits of United States currency in amounts less than $10,000.00, in violation of Title 31, United States Code, Section 5324(a)(3), in connection with Title 31, United States Code, Section 5313(a), and Title 18, United States Code, Section 2.

## COUNT FOUR
**(Transporting Minors in Interstate Commerce for Unlawful Sexual Activity)**

1.      Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

2.      In or about February 1993, in the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a**
**ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

and others known and unknown to the Grand Jury, knowingly transported and caused to be transported P-12, an individual who had not attained the age of eighteen years, in interstate commerce from Sullivan County, New York, to Putnam County, Georgia, with the intent that such minor engage in unlawful sexual activity for which a person can be charged with a criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and 16-6-5, the individuals not having yet reached the age of twenty-five years in accordance with Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code, Sections 2423(a) and 2.

## COUNT FIVE
**(Transporting Minors in Interstate Commerce for Unlawful Sexual Activity)**

1.      Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

2.      In or about April 1993, in the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a**
**ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

and others known and unknown to the Grand Jury knowingly transported and caused to be transported P-8, P-20 and P-21, all individuals who had not attained the age of eighteen years, in interstate commerce from Sullivan County, New York, to Putnam County, Georgia, with the intent that such minors engage in unlawful sexual activity for which a person can be charged with a criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and 16-6-5, the individuals not having yet reached the age of twenty-five years in accordance with Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code, Sections 2423(a) and 2.

### COUNT SIX
**(Transporting Minors in Interstate Commerce for Unlawful Sexual Activity)**

1.     Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

2.     In or about April 1993, in the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a
ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

and others known and unknown to the Grand Jury knowingly transported and caused to be transported P-23, an individual who had not attained the age of eighteen years, in interstate commerce from Kings County, New York, to Bibb County, Georgia, and Putnam County, Georgia, with the intent that such minor engage in unlawful sexual activity for which a person can be charged with a criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and 16-6-5, the individuals not having yet reached the age of twenty-five years in

32

accordance with Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code, Sections 2423(a) and 2.

## COUNT SEVEN
**(Traveling in Interstate Commerce to Engage in Unlawful Sexual Activity with Minors)**

1.      Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

2.      In or about 1996, in the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a
ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

knowingly traveled in interstate commerce, from Putnam County, Georgia, to Orange County, Florida, for the purpose of engaging in an unlawful sexual act as defined in Title 18, United States Code, Section 2246(2), with a person under the age of eighteen, and under such circumstances as would constitute a violation of Title 18 United States Code, Section 2243(a), had the sexual acts occurred in the special maritime and territorial jurisdiction of the United States, the person not having yet reached the age of twenty-five years in accordance with Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code, Sections 2423(b).

## COUNT EIGHT
**(Transporting Minors in Interstate Commerce for Unlawful Sexual Activity)**

1.      Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

33

2.    In or about 1996, in the Middle District of Georgia, and elsewhere within the jurisdiction

of this Court, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a**
**ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

and others known and unknown to the Grand Jury, knowingly transported and caused to be

transported P-20, P-14 and P-26, all individuals who had not attained the age of eighteen years,

in interstate commerce from Putnam County, Georgia, to Orange County, Florida, with the intent

that such minors engage in unlawful sexual activity for which a person can be charged with a

criminal offense, including, but not limited to, violations of Georgia Code Sections 16-6-4 and

16-6-5, the individuals not having yet reached the age of twenty-five years in accordance with

Title 18, United States Code, Section 3283, all in violation of Title 18, United States Code,

Sections 2423(a) and 2.

## COUNT NINE
### (Structuring Cash Transaction to Evade Currency Transactions Reporting Requirements)

1.    Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and

incorporated by reference herein.

2.    Between on or about September 29, 1999 and on or about September 30, 1999, in the

Middle District of Georgia, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a**
**ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully, and

for the purpose of evading reporting requirements of Title 31, United States Code, Section

5313(a), and the regulations promulgated therein, assisted  in structuring a financial transaction

with a domestic financial institution, by directing others known and unknown to the Grand Jury,

to only deposit United States currency in an amount less than $10,000.00; to wit: by causing $7,562.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about September 29, 1999, by causing $110.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about September 30, 1999, and by causing $8,300.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about September 30, 1999, all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 31, United States Code, Section 5324(a)(3), in connection with Title 31, United States Code, Section 5313(a), and Title 18, United States Code, Section 2.

## COUNT TEN
**(Structuring Cash Transaction to Evade Currency Transactions Reporting Requirements)**

1.      Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

2.      Between on or about October 6, 1999 and on or about October 8, 1999, in the Middle District of Georgia, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a
ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully, and for the purpose of evading reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated therein, assisted  in structuring a financial transaction with a domestic financial institution, by directing others known and unknown to the Grand Jury,

to only deposit United States currency in an amount less than $10,000.00; to wit: by causing $4,833.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about October 6, 1999, by causing $4,000.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about October 8, 1999, and by causing $2,803.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about October 8, 1999, all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 31, United States Code, Section 5324(a)(3), in connection with Title 31, United States Code, Section 5313(a), and Title 18, United States Code, Section 2.

### COUNT ELEVEN
**(Structuring Cash Transaction to Evade Currency Transactions Reporting Requirements)**

1.    Paragraph A of **COUNT ONE** of this Superseding Indictment is re-alleged and incorporated by reference herein.

2.    Between on or about April 5, 2000 and on or about April 11, 2000, in the Middle District of Georgia, the Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a
ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA,"**

aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully, and for the purpose of evading reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated therein, assisted in structuring a financial transaction with a domestic financial institution, by directing others known and unknown to the Grand Jury,

36

to only deposit United States currency in an amount less than $10,000.00; to wit: by causing $8,876.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about April 5, 2000, and by causing $7,805.00 in United States currency to be deposited into an account for the Holy Tabernacle Store, account number 13111201, on or about April 11, 2000, all at Wachovia Bank located at 1200 Mitchell Bridge Road in Athens-Clarke County, Georgia, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 31, United States Code, Section 5324(a)(3), in connection with Title 31, United States Code, Section 5313(a), and Title 18, United States Code, Section 2.

## COUNT TWELVE
### (RICO Forfeiture Allegation)

1. The allegations contained in **COUNTS ONE** through **TWO** of this Superseding Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 1963.   Pursuant to Rule 32.2, Fed.R.Crim.P., notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of **DWIGHT YORK'S** conviction under **COUNTS ONE** through **TWO** of this Superseding Indictment.

2. The Defendant,

**DWIGHT D. YORK, a/k/a DR. MALACHI Z. YORK, a/k/a ISA MUHAMMAD, a/k/a ISA AL HAADI AL MAHDI and a/k/a "BABA"**

i.     has acquired and maintained interests in violation of Title 18,

37

United States Code, Section 1962, which interests are subject to forfeiture to the United States

pursuant to Title 18, United States Code, Section 1963(a)(1); and

           ii.     has an interest in, security of, claims against, and property and

contractual rights which afford a source of influence over, the enterprise named and described

herein which Defendant established, operated, controlled, conducted and participated in the

conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities,

claims and rights are subject to forfeiture to the United States pursuant to Title 18, United States

Code, Section 1963(a)(2).

    3.  The interests of Defendant subject to forfeiture to the United States pursuant to Title

18, United States Code, Section 1963(a)(1) and (a)(2), include, but are not limited to:

**REAL PROPERTY**

    (1)  All that tract or parcel of land consisting of 444 Acres, more or less,

commonly known as 404 Shady Dale Road, Eatonton, Putnam County, Georgia,

and any and all appurtenances and improvements thereon, more particularly described as

follows:

Tract A: All that certain tract or parcel of land in Land Lot 231, 390th G.M.D.,

Putnam County, Georgia, containing 176.13 acres and being more fully shown and

described on a plat of same made by Edwin L. Thompson dated May 4, 1985, of record in

Plat Book 12, Page 188, records of the Clerk of Superior Cour of Putnam County,

Georgia, which plat is incorporated by reference herein in aid of this description.  This is

the same property described as "Tract Five" in that certain Executor's Deed of record in

Deed Book 5-C, Pages 304-309, Clerk 's Office, Putnam County Superior Court and is

the same property conveyed to Arne Lassen by deed from C. Arthur Gardner, Jr., et al.,

dated May 22, 1985, and recorded in Deed Book 6-H, Page 716, said records.

Tract B: All that tract or parcel of land containing 200.716 acres, more or

less, in the 390th G.M.D. of Putnam County, Georgia, more particularly described

as Tracts 1 and 2 in a deed from H. Grady Leverette, Jr. to Georgia Kraft

Company dated December 22, 1978, and recorded in Deed Book 4-Z, Page 282,

Deed Records, Putnam County, Georgia, the description in said deed being incorporated

herein by reference thereto.

Tracts 1 and 2 are contiguous and are bounded, now or formerly, as follows:

Northeast by United States Forest Service and Georgia Pacific Corporation; Southeast by

H. Grady Leverette, Jr.; Southwest by William Larman, Jr.; and Northwest by Gardner

and Howard and Mrs. C. W. Pinkerton.

Tract 1, containing 183.873 acres, more or less, is more particularly described on

a plat prepared by Charles William Roberts recorded in Plat Book 7, Page 23, Putnam

County, Georgia records.  Tract 2, containing 16.843 acres, more or less, is more

particularly described on a plat prepared by Ralph E. Lackey dated December 18, 1978,

and recorded in Deed Book 4-Z, Page

281, Deed Records, Putnam County, Georgia.  Said plats are incorporated herein by

reference thereto.

Also conveyed is a non-exclusive 40 foot easement to the above tract of land from

Georgia Highway 142 along the common property line of property now or formerly

owned by William Larman, Jr. and H. Grady Leverette, Jr., and being the same easement

as described in Deed Book 4-Z, Page 282, Deed Records, Putnam County, Georgia.

Tract C, Parcel 1: All that tract or parcel of land lying and being in the

390th G.M.D. of Putnam County, Georgia containing 61.2 acres, more or less, according

to a plat of survey for Continental Can Company, Inc. made by H. M. Brown, Georgia

R.L.S., dated October 12, 1959, and recorded in Plat Book 2, Page 173, Putnam County,

Georgia records; said plat by this reference being incorporated herein for a more

particular and accurate description of the property.  Said property being more particularly

described as being bounded now and formerly as follows: Northerly and easterly by

property of Mrs. Charles Pinkerton; Southerly by property of Arne Lassen; and Westerly

by the Easterly right of way line of Georgia Highway No. 142.

Said property is conveyed subject to existing easements and rights of way, if any,

affecting or crossing said property.    This is the same property conveyed from

Continental Land Sales, inc. to Southern Pine Plantations, Inc. by Limited Warranty deed

dated May 13, 1987, and recorded in the Clerk's Office of Putnam Superior Court in

Deed Book 6-Z, Page 561.

LESS AND EXCEPT FROM THE ABOVE DESCRIBED PROPERTY:

All that tract or parcel of land, lying and being in the 390th G.M.D. Putnam

County, Georgia, containing 6.23 acres, according to a plat of survey for Arne Chr.

Lassen, dated September 10, 1988, made by Edwin L. Thompson, Georgia R.L.S., shown

as Tract #2 and recorded in Plat Book 15, Page 156, Putnam County, Georgia records;

said plat by this reference thereto being incorporated herein for a more particular and

accurate description of said property.  Said property being more particularly described as being bounded now and formerly as follows: Northerly by property of Mrs. Jennie (Charles) Pinkerton; Easterly by property of Mrs. Jennie (Charles) Pinkerton; and Westerly by property of Arne Chr. Lassen and Sandra Gay Lassen.

PRIOR DEED REFERENCE: The above described 6.23 acres is the same property as conveyed by Warranty Deed from Arne Chr. Lassen and Sandra Gay Lassen to Mrs. Jennie (Charles) Pinkerton dated October 4, 1988, and recorded in Deed Book 7-N, Page 254, Clerk's Office, Putnam County Superior Court.

Tract C, Parcel 2: All that tract or parcel of land lying and being in the 390th G.M.D. of Putnam County, Georgia, containing 6.23 acres according to a plat of survey for Arne Chr. Lassen, dated September 10, 1988, made by Edwin L. Thompson, Georgia R.L.S., shown as Tract #3 and recorded in Plat Book 15, Page 156, Putnam County, Georgia records; said plat by this reference thereto being incorporated herein for a more particular and accurate description of said property.  Said property being more particularly described as being bounded now or formerly as follows: Easterly by property of Mrs. Jennie (Charles) Pinkerton; Southerly by property of Arne Chr. Lassen; and Westerly by property of Arne Chr. Lassen and Sandra Gay Lassen.

Said property is conveyed subject to existing easements and rights of way, if any, affecting or crossing said property.

PRIOR DEED REFERENCE: The above described 6.23 acres is the same property as conveyed by Warranty Deed from Arne Chr. Lassen and Sandra Gay Lassen to Mrs. Jennie (Charles) Pinkerton dated October 4, 1988, and

41

recorded in Deed Book 7-N, Page 252, Clerk's Office, Putnam County Superior Court.

(2)  All that tract or parcel of land more commonly known as 155 Mansfield Court, Athens, Clarke County, Georgia, and any and all appurtenances and improvements thereon, more particularly described as follows:

ALL THAT TRACT OR PARCEL OF LAND situated lying and being in the 1467th District, G. M., Athens-Clarke County, Georgia being known and designated as Lot 7 of Mansfield Subdivision, as shown on a plat entitled "Survey for Section Two of Mansfield Subdivision", dated February 15, 1982, by Landmark Engineering Corporation, said plat being recorded in the Office of the Clerk of the Superior Court for Athens-Clarke County, Georgia in Plat Book 19, page 71, which said plat and the recording thereof are by reference incorporated herein for a more complete and detailed description.

4.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant;

A.    Cannot be located upon the exercise of due diligence;

B.    Has been transferred, sold to or deposited with a third person;

C.    Has been placed beyond the jurisdiction of the Court;

D.    Has been substantially diminished in value; or

E.    Has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m),  to seek forfeiture of any other property of the defendant up to the value of the above

42

forfeitable property of **DWIGHT YORK**, or assets of equal value, up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 1963.

## COUNT THIRTEEN
### (Unlawful Transport of Minors Forfeiture Allegation)

1.  The allegations contained in **COUNTS ONE** through **ELEVEN** of this Indictment are hereby re-alleged and incorporated by reference into this Count for the purpose of alleging forfeiture to the United States of America, pursuant to the provision of Title 18, United States Code, Section 2253(a)(3) .

2.  As a result of the commission of the aforesaid violations of Title 18, United States Code, Sections 2423(a) and 2423(b), the defendant, **DWIGHT YORK**, shall forfeit to the United States all of his interest in any and all property, real or personal, used and intended to be used in any manner or part to commit and to facilitate the commission of the aforesaid violations, but not limited to the following:

**REAL PROPERTY**

(1)  All that tract or parcel of land consisting of 444 Acres, more or less, commonly known as 404 Shady Dale Road, Eatonton, Putnam County, Georgia, and any and all appurtenances and improvements thereon, more particularly described as follows:

Tract A: All that certain tract or parcel of land in Land Lot 231, 390th G.M.D., Putnam County, Georgia, containing 176.13 acres and being more fully shown and described on a plat of same made by Edwin L. Thompson dated May

43

4, 1985, of record in Plat Book 12, Page 188, records of the Clerk of Superior

Cour of Putnam County, Georgia, which plat is incorporated by reference herein

in aid of this description.  This is the same property described as "Tract Five" in

that certain Executor's Deed of record in Deed Book 5-C, Pages 304-309, Clerk's

Office, Putnam County Superior Court and is the same property conveyed to Arne

Lassen by deed from C. Arthur Gardner, Jr., et al., dated May 22, 1985, and

recorded in Deed Book 6-H, Page 716, said records.

Tract B: All that tract or parcel of land containing 200.716 acres, more or

less, in the 390th G.M.D. of Putnam County, Georgia, more particularly described

as Tracts 1 and 2 in a deed from H. Grady Leverette, Jr. to Georgia Kraft

Company dated December 22, 1978, and recorded in Deed Book 4-Z, Page 282,

Deed Records, Putnam County, Georgia, the description in said deed being incorporated

herein by reference thereto.

Tracts 1 and 2 are contiguous and are bounded, now or formerly, as follows:

Northeast by United States Forest Service and Georgia Pacific Corporation; Southeast by

H. Grady Leverette, Jr.; Southwest by William Larman, Jr.; and Northwest by Gardner

and Howard and Mrs. C. W. Pinkerton.

Tract 1, containing 183.873 acres, more or less, is more particularly described on

a plat prepared by Charles William Roberts recorded in Plat Book 7, Page 23, Putnam

County, Georgia records.  Tract 2, containing 16.843 acres, more or less, is more

particularly described on a plat prepared by Ralph E. Lackey dated December 18, 1978,

44

and recorded in Deed Book 4-Z, Page 281, Deed Records, Putnam County, Georgia.  Said

plats are incorporated herein by reference thereto.

Also conveyed is a non-exclusive 40 foot easement to the above tract of

land from Georgia Highway 142 along the common property line of property now

or formerly owned by William Larman, Jr. and H. Grady Leverette, Jr., and being

the same easement as described in Deed Book 4-Z, Page 282, Deed Records,

Putnam County, Georgia.

Tract C, Parcel 1: All that tract or parcel of land lying and being in the

390th G.M.D. of Putnam County, Georgia containing 61.2 acres, more or less,

according to a plat of survey for Continental Can Company, Inc. made by H. M.

Brown, Georgia R.L.S., dated October 12, 1959, and recorded in Plat Book 2,

Page 173, Putnam County, Georgia records; said plat by this reference being

incorporated herein for a more particular and accurate description of the property.

Said property being more particularly described as being bounded now and

formerly as follows: Northerly and easterly by property of Mrs. Charles Pinkerton;

Southerly by property of Arne Lassen; and Westerly by the Easterly right of way line of

Georgia Highway No. 142.

Said property is conveyed subject to existing easements and rights of way,

if any, affecting or crossing said property.   This is the same property conveyed

from Continental and Sales, inc. to Southern Pine Plantations, Inc. by Limited

Warranty deed dated May 13, 1987, and recorded in the Clerk's Office of Putnam

Superior Court in Deed Book 6-Z, Page 561.

45

LESS AND EXCEPT FROM THE ABOVE DESCRIBED PROPERTY:

All that tract or parcel of land, lying and being in the 390th G.M.D. Putnam County, Georgia, containing 6.23 acres, according to a plat of survey for Arne Chr. Lassen, dated September 10, 1988, made by Edwin L. Thompson, Georgia R.L.S., shown as Tract #2 and recorded in Plat Book 15, Page 156, Putnam County, Georgia records; said plat by this reference thereto being incorporated herein for a more particular and accurate description of said property. Said property being more particularly described as being bounded now and formerly as follows: Northerly by property of Mrs. Jennie (Charles) Pinkerton; Easterly by property of Mrs. Jennie (Charles) Pinkerton; and Westerly by property of Arne Chr. Lassen and Sandra Gay Lassen.

PRIOR DEED REFERENCE: The above described 6.23 acres is the same property as conveyed by Warranty Deed from Arne Chr. Lassen and Sandra Gay Lassen to Mrs. Jennie (Charles) Pinkerton dated October 4, 1988, and recorded in Deed Book 7-N, Page 254, Clerk's Office, Putnam County Superior Court.

Tract C, Parcel 2: All that tract or parcel of land lying and being in the 390th G.M.D. of Putnam County, Georgia, containing 6.23 acres according to a plat of survey for Arne Chr. Lassen, dated September 10, 1988, made by Edwin L. Thompson, Georgia R.L.S., shown as Tract #3 and recorded in Plat Book 15, Page 156, Putnam County, Georgia records; said plat by this reference thereto being incorporated herein for a more particular and accurate description of said property. Said property being more particularly described as being bounded now or

formerly as follows: Easterly by property of Mrs. Jennie (Charles) Pinkerton;

Southerly by property of Arne Chr. Lassen; and Westerly by property of Arne Chr.

Lassen and Sandra Gay Lassen.

Said property is conveyed subject to existing easements and rights of way, if any,

affecting or crossing said property.

PRIOR DEED REFERENCE: The above described 6.23 acres is the same

property as conveyed by Warranty Deed from Arne Chr. Lassen and Sandra Gay

Lassen to Mrs. Jennie (Charles) Pinkerton dated October 4, 1988, and

recorded in Deed Book 7-N, Page 252, Clerk's Office, Putnam County Superior Court.

(2) All that tract or parcel of land more commonly known as 155 Mansfield

Court, Athens, Clarke County, Georgia, and any and all appurtenances and improvements

thereon, more particularly described as follows:

ALL THAT TRACT OR PARCEL OF LAND situated lying and being in

the 1467th District, G. M., Athens-Clarke County, Georgia being known and

designated as Lot 7 of Mansfield Subdivision, as shown on a plat entitled "Survey

for Section Two of Mansfield Subdivision", dated February 15, 1982, by

Landmark Engineering Corporation, said plat being recorded in the Office of the

Clerk of the Superior Court for Athens-Clarke County, Georgia in Plat Book 19,

page 71, which said plat and the recording thereof are by reference incorporated

herein for a more complete and detailed description.

3. If any of the property subject to forfeiture, as a result of any act or omission of the

defendant :

47

A.   Cannot be located upon the exercise of due diligence;

B.   Has been transferred, sold to or deposited with a third person;

C.   Has been placed beyond the jurisdiction of the Court;

D.   Has been substantially diminished in value; or

E.   Has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Section 2253(o), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property of **DWIGHT YORK**, or assets of equal value, up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 2253 and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

_Harry E. Bruno_

FOREPERSON OF THE GRAND JURY

Presented By:

_Maxwell Wood_

MAXWELL WOOD
UNITED STATES ATTORNEY

_K. Moultrie_

RICHARD S. MOULTRIE, JR.
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF GEORGIA

_Stephanie D. Thacker_

STEPHANIE D. THACKER
TRIAL ATTORNEY

48

RE 543 0600 708 US

070726

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA

UNITED STATES OF AMERICA,          :

      VS.          :

             :      CASE NO. 5:02-CR-27-1-HL

DWIGHT D. YORK, a/k/a MALAKAI          :
Z. YORK, ISA MUHAMMAD, ISA
ALIHAD MAHDI & BABA          :

             :      **WARRANT FOR ARREST**

          Defendant          :

To:   The United States Marshal, Middle District of Georgia
and any Authorized United States Officer

      YOU ARE HEREBY COMMANDED to arrest Dwight D. York, a/k/a Malakai Z. York, Isa Muhammad, Isa Alihad Mahdi & Baba and bring him/her FORTHWITH before the nearest available judicial officer to answer a(n)

    [X] Indictment    [ ] Information    [ ] Complaint    [ ] Order of Court

      [ ] Violation Notice    [ ] Probation Violation Petition

charging him/her with Transportation of Minors with Intent to Engage in Sexual Activity and Travel with Intent to Engage in Sexual Acts with a Juvenile in violation of United States Code Section 18:2423(a); 18:2423(b); 18:3289 & 18:2.

    Dated at Macon Georgia, this May 7, 2002.

WITNESS THE HONORABLE JUDGES OF THIS COURT.

                        GREGORY J. LEONARD, CLERK

A true and certified copy
This _____ __, 20__
GREGORY J. LEONARD, CLERK
U.S. Dist Court, MD Ga.
By: _____     BY: _____
     Deputy Clerk          Deputy Clerk

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at

| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|
| 050202 | FBI | |
| Date of Arrest | | |
| 050802 | | |

FILED
U.S. MIDDLE DISTRICT
MIDDLE GEORGIA
02 MAY 13
DEPUTY CLERK



NOT NEGOTIABLE
DEPOSIT TO
C/O the United States Treasury/Treasurer