IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 5:02-cr-00027-CAR-CHW |
| | : | |
| **DWIGHT D. YORK** | : | |
| _____ | : | |

**GOVERNMENT'S RESPONSE TO MOVANT ASHER ELBEIN'S
MOTION TO UNSEAL REDACTED TRIAL TRANSCRIPT**

COMES NOW, the United States of America, by and through its attorney, the Acting United States Attorney for the Middle District of Georgia, and responds in opposition to Movant Asher Elbein's motion to unseal redacted trial transcript (Doc. 523). For the reasons set forth below, the Government respectfully requests that the Court deny the motion.

1.

This case involves numerous child victims and child witnesses. On June 12, 2002, the Court ordered that any documents involving child victims or child witnesses shall be filed and maintained under seal in accordance with the privacy protection provision of the Child Victims' and Child Witnesses' Act, 18 U.S.C. § 3509(d). Pursuant to 18 U.S.C. § 3509(d), the Court also sealed this case file, ordering that "all documents shall be sealed that disclose the name of or any other information concerning a child victim or child witness in this case, until further order of the Court" on July 24, 2002.

2.

The statutory language of 18 U.S.C. § 3509(d) is broad and unambiguous. All employees of the Government connected with this case, all employees of the Court, the Defendant and his

employees, and the members of the jury "shall" not only "(i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access;" but also "(ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information." 18 U.S.C. § 3509(d)(1). In addition, "[a]ll papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order." 18 U.S.C. § 3509(d)(2).

3.

In the motion to unseal redacted trial transcript, Movant asks that the Court unseal a redacted version of the trial transcripts "for the purposes of research and fact-checking" because Movant is "working on a feature examining the history of Nuwabianism and the results of the York Trial" for a magazine. Doc. 523. Although Movant requests "the redacted version of the trial transcripts . . . so as to protect the identities of the minor victims," Movant does not show that he has any constitutional or common law right to the information he is seeking. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978) (explaining that "the right to inspect and copy judicial records is not absolute"); *United States v. Gurney,* 558 F.2d 1202, 1209 (5th Cir. 1977)[1] (no constitutional right of access to court documents that were not part of public record, decision regarding access was within court's discretion).

4.

Additionally, the Court previously considered and rejected a similar motion filed by another non-party who was working on a book about York. In its order denying the non-party's

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

motion for release of a redacted trial transcript, the Court concluded that "[t]here is, however, no redacted trial transcript available in this case, and the Court does not find that it would be a wise use of judicial or other government resources to redact the extensive trial transcript at this time, absent some showing of legal requirement or need." Doc. 505.

5.

Because there is no redacted version of the trial transcript to unseal, and because Movant fails to make the requisite showing for the Court to order the creation of a redacted version of the trial transcript at this time, the Government respectfully requests that the Court deny the motion to unseal redacted trial transcript (Doc. 523).

Respectfully submitted, this the 22nd day of March, 2016.

> G.F. Peterman, III
> Acting United States Attorney
> Middle District of Georgia
>
> By: s/ Lindsay B. Feinberg
> Assistant United States Attorney
> Georgia Bar No. 869169

United States Attorney's Office
Post Office Box 1702
Macon, Georgia 31202-1702
(478) 752-3511

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2016, I electronically filed the within and foregoing **GOVERNMENT'S RESPONSE TO MOVANT ASHER ELBEIN'S MOTION TO UNSEAL REDACTED TRIAL TRANSCRIPT** with the Clerk of the Court using CM/ECF. I also certify that I mailed a true and correct copy to Movant at the following address:

Asher Elbein
1110 Rogeretta Drive
Atlanta, GA 30329.

                                                             G.F. Peterman, III
                                                              Acting United States Attorney
                                                             Middle District of Georgia

                                                             By: s/ Lindsay B. Feinberg
                                                             Assistant United States Attorney
                                                             Georgia Bar No. 869169

United States Attorney's Office
Post Office Box 1702
Macon, Georgia 31202-1702
(478) 752-3511