This is an excerpt from the I.R.S case in Lufkin County Texas proving once <u>again</u> that the Feds have no jurisdiction outside of Washington D.C. case # 9:14-cv-0138. This case is coming from The **UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA.**



**PAUL STRA**
**LINCOLN COUNTY**
The first place on the internet
from Anna Von Re
News and views you won't find a
Contact: pstramer@gmail.com   P

### Are you looking for Solutions for America in Distress

You are in the right place to find out about what is really going on behind the scenes in the patriot movement in America, including solutions from Oathkeepers, Anna Von Reitz, Constitutional Sheriffs, Richard Mack, and many more people who are leading the charge to restore America to freedom and peace. Please search on the right for over 2090 articles.

You will find some conflicting views from some of these authors. You will also find that all the authors are deeply concerned about the future of America. What they write is their own opinion, just as what I write is my own. If you have an opinion on a particular article, please comment by clicking the title of the article and scrolling to the box at the bottom on that page. Please keep the discussion about the issues, and keep it civil. The administrator reserves the right to remove unwarranted personal attacks. Use the golden rule; "Do unto others as you would have them do unto you."

**Friday, March 4, 2016**

## ALERT TO ALL IRS CASES IRS Lufkin Case proving no Jurisdiction outside of DC 02-23-16

This case completely destroys the idea that the Feds have any jurisdiction whatsoever within the several states.

All the kangaroo so called "federal" courts are fraud. They are nothing but a big lie. They are nothing but corporate tribunals which only have jurisdiction over their own employees, people who get a paycheck from their government services corporation. They have absolutely NO jurisdiction over free, living Americans living within the boundaries of the states.

Does that sound off the wall? It's NOT. It's absolutely true and the documents of the current case below prove it beyond a reasonable doubt.

I challenge ANYONE to prove this wrong. It can't be done.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

John Parks Trowbridge, Jr., )
9816 Memorial Boulevard, Suite 205 )   Case No. 1:16-cv-00506 BAH
Humble, Texas )
(832) 472-3683 )
 )   AMENDED VERIFIED COMPLAINT
       Plaintiff, )   FOR DECLARATORY AND
 )   INJUNCTIVE RELIEF
   v. )
 )
United States of America )
Serving: )
Attorney General of the United States )
950 Pennsylvania Avenue, N.W. )
Washington, DC 20530-0001 )
 )
United States Attorney )
  for the District of Columbia )
501 Third Street, NW )
Washington, DC 20001 )
 )
       Defendant. )

## AMENDED COMPLAINT

John Parks Trowbridge, Jr., plaintiff herein (the "Plaintiff" or "Trowbridge"), to correct a technical error in the caption, for Plaintiff's amended verified complaint, hereby alleges as follows:

## INTRODUCTION

1.   This action at equity is a direct suit under the Constitution to obtain, in respect of an actual controversy that exists within the jurisdiction of this Court, a judgment declaring whether the territorial jurisdiction of United States District Courts is co-extensive with the territorial legislative power of Congress or extends to Tyler County, Texas, and Plaintiff's right to property in respect thereof; and order temporarily restraining defendant United States of America (the "Defendant" or "United States") from acting on any 28 U.S.C. § 3002(8) judgment

obtained as a plaintiff in any civil action against Trowbridge in any United States District Court purporting to exercise territorial jurisdiction in Tyler County, Texas, and (c) order extending such temporary relief and preliminarily and permanently enjoining Defendant from acting on any such judgment pending resolution of the aforesaid controversy by this Honorable Court.

2. Plaintiff sought to settle the aforesaid controversy on his own six months ago by making demand of United States for disclosure of the first of the two essential elements necessary to create and vest jurisdiction in the United States District Court of first instance—i.e., the constitutional authority that gives said court the capacity to take territorial jurisdiction in the geographic area in which Plaintiff's real property is located, Tyler County, Texas—but United States of America failed to respond to said challenge of jurisdiction.

3. United States of America likewise went silent and failed to oppose Plaintiff's subsequent demand for dismissal with prejudice of said civil action, but the United States District Court of first instance denied Plaintiff's motion to dismiss and granted United States of America's motion for summary judgment.

### I. PARTIES

4. Plaintiff John Parks Trowbridge, Jr. was born in California and is domiciled in Texas, and a resident of Tyler County, Texas.

5. Defendant United States of America, a.k.a. United States, a Federal corporation, 28 U.S.C. § 3002(15), is domiciled in the District of Columbia.

### II. JURISDICTION

6. This Court has jurisdiction over this action pursuant to Articles 1 § 8(17) and 4 § 3(2) of the Constitution and 28 U.S.C. § 1331.

2

7. This Court has personal jurisdiction over United States, who initiated the aforementioned civil action against Plaintiff in the United States District Court of first instance whose 28 U.S.C. § 3002(8) memorandum order and final judgment Plaintiff now seeks to restrain United States from using to enforce its liens against and foreclose upon and sell Plaintiff's real property in Tyler County, Texas.

### III. VENUE

8. Venue is proper pursuant to 28 U.S.C. §§ 88 and 1391(e)(1)(A).

### IV. FACTS

9. United States obtained from the court in the United States District Court of first instance, i.e., United District Court for the Eastern District of Texas, Lufkin Division Civil Action No. 9:14-cv-0138, a March 3, 2016-entered memorandum order and final judgment purporting to exercise territorial jurisdiction over Plaintiff's real property in Tyler County, Texas, and authorize enforcement of United States' liens against and foreclosure upon and sale of said real property despite said court's lack of capacity, as given by the Constitution, in respect of the power of territorial legislation therein conferred upon Congress, to take territorial jurisdiction in Tyler County, Texas.

10. An emergency exists in that there is an imminent likelihood of irreparable harm to Plaintiff, i.e., loss of Plaintiff's home, as soon as March 18, 2016 (the day of the filing of this amended verified complaint), unless an order issues as aforesaid, temporarily restraining United States from using any order or judgment obtained as a plaintiff in a civil action against Trowbridge in the United States District Court of first instance, to enforce its liens against and foreclose upon and sell certain real property in Tyler County, Texas, belonging to Plaintiff.

3

### VERIFICATION

The undersigned, John Parks Trowbridge, Jr., as to the appended Amended Verified Complaint for Declaratory and Injunctive Relief (the "Amended Verified Complaint"), hereby verifies as follows:

1. I am the Plaintiff named in the Amended Verified Complaint.

2. I have read the Amended Verified Complaint and know the content thereof and that the same is true of my own personal knowledge and if called upon as a witness I shall so testify.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 17th day of March 2016.

*[signature]*
John Parks Trowbridge, Jr.

6

11. The subject real property is Plaintiff's residence, for the loss of enjoyment of which there exists no availability of any adequate remedy at law, as an action for money damages alone is insufficient to restore Plaintiff to *status quo ante* after precipitation of the threatened harm because of Plaintiff's emotional attachment thereto, a weekend retreat where Plaintiff has made improvements and created his life and spent essentially all of his spare time for the last 16 years.

12. The threatened harm to Plaintiff of loss of Plaintiff's home far outweighs any substantial harm to United States which might accrue from having to file an answer to this amended verified complaint and waiting a few days until this Honorable Court can settle the subject controversy.

13. There is no substantial public interest that will be disserved or harmed by the Court issuing an injunction favoring Plaintiff.

14. Plaintiff has a substantial likelihood of success because the above allegations are not speculative but factual and likely to be proven.

## V. BOND

15. Plaintiff is willing to post a bond and, given the limited amount of participation needed for United States to defend this action, recommends bond be set at $250.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff John Parks Trowbridge, Jr., in order to preserve the status quo, respectfully demands the Court that the Court grant relief as follows:

a. **Declaratory relief**

Pursuant to 28 U.S.C. § 2201, that the Court issue a judgment declaring (i) that the territorial jurisdiction of United States District Courts is co-extensive with the territorial legislative power of Congress, and (ii) Plaintiff's right to Plaintiff's real property in Tyler County, Texas.

b. **Injunctive relief**

Pursuant to the provisions of Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1(a), that this Court issue an order:

 i. temporarily restraining, for 14 days, United States from using, to enforce its liens against and foreclose upon and sell Plaintiff's real property in Tyler County, Texas, any order or judgment obtained as a plaintiff in any civil action against John Parks Trowbridge, Jr. in any United States District Court purporting to exercise territorial jurisdiction in Tyler County, Texas, and

 ii. extending such temporary relief and preliminarily and permanently enjoining United States from enforcing any such order or judgment, pending resolution of the subject controversy by the Court.

c. **Additional relief**

That the Court award Plaintiff costs of litigation and such other and further relief as the Court may deem just and proper.

Date: March 17, 2016

Respectfully submitted,

*/s/ John Parks Trowbridge*
John Parks Trowbridge, Jr.

4

5

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JOHN PARKS TROWBRIDGE, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO. _____

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to live testimony to be presented by another party shall be filed with this Court and served on the adverse party at least three (3) business days prior to the preliminary injunction hearing in this matter; *Provided that,* in the case of service on Plaintiff, service shall be performed by email and documents are received by Plaintiff no later than 4:00 P.M. (EST) on the appropriate dates listed in this Subsection; and *Provided that,* in the case of service on Defendant, service shall be performed by personal or overnight delivery, facsimile, or email so that documents are received by Defendant no later than 4:00 P.M. (EST) on the appropriate dates listed in this Subsection.

**JURISDICTION**

VIII. **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this _____ day of _____ 2016, at _____ o'clock A.M. / P.M.

_____
UNITED STATES DISTRICT JUDGE

Page 5 of 5

# TABLE OF CONTENTS

Page/s

I. INTRODUCTION...........................................................................................................1
II. GENERAL JURISDICTION............................................................................................2
III. FACTS..............................................................................................................................3
IV. A TEMPORARY RESTRAINING ORDER SHOULD ISSUE
    AGAINST DEFENDANT..................................................................................................7
    A. This Court Has The Authority To Grant The Requested Relief..................8
    B. Defendant Cannot Prove Territorial Jurisdiction Over Plaintiff's
       Real Property In Tyler County, Texas............................................................8
    C. Plaintiff Is Likely To Obtain A Favorable Declaratory Judgment...............8
    D. The Equities Weigh In Favor Of Granting Injunctive Relief.......................9
V. THE SCOPE OF THE PROPOSED TRO IS NECESSARY AND APPROPRIATE....10
VI. CONCLUSION...............................................................................................................10
CERTIFICATE OF NOTICE.....................................................................................................11

# TABLE OF AUTHORITIES

Cases:

*Caha v. United States*,
  152 U.S. 211, 215 (1894...............................................................................................6, 7

*Cary v. Curtis*,
  3 How. 236, 245, 11 L.Ed. 576 (1845).............................................................................4

*Case of the Sewing Machine Companies*,
  18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874)....................................................4

*Christianson v. Colt Industries Operating Co.*,
  486 U.S. 800, 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988)................................4

*Cohens v. Virginia*,
  6 Wheat. Rep. 384, 414..................................................................................................4

*Finley v. United States*,
  490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)..................................................4

*Firestone Tire & Rubber Co. v. Risjord*,
  449 U.S. 368, 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981)........................4

*Hurtado v. California*,
  110 U.S. 516, 3 Sup. Ct. 111, 292, 28 L. Ed. 232 (1884).................................................1

*Kline v. Burke Construction Co.*,
  260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922)....................................4

*Mapp v. Ohio*,
  367 U.S. 643, 659 (1961)................................................................................................9

*McIntire v. Wood*,
  7 Cranch 504, 506, 3 L.Ed. 420 (1813)...........................................................................4

---

# SERVICE OF PLEADINGS, EVIDENCE, WITNESS LISTS

VII. IT IS FURTHER ORDERED that:

A. Defendant shall file any answering affidavit, pleading, or legal memorandum with the Court and serve the same on Plaintiff no later than five (5) business days prior to the preliminary injunction hearing in this matter; *Provided that* service shall be performed by email and documents are received by Plaintiff no later than 4:00 P.M. (EST) on the appropriate dates listed in this Subsection. Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendant no later than one (1) business day prior to the preliminary injunction hearing in this matter; *Provided that* service shall be performed by personal or overnight delivery, facsimile, or email so that documents are received by Defendant no later than 4:00 P.M. (EST) on the appropriate dates listed in this Subsection.

B. The question of whether this Court should enter a preliminary injunction pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, enjoining Defendant during the pendency of this action, shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court on motion filed with the Court and served on Plaintiff or counsel for Defendant at least five (5) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit disclosing the substance of each proposed witness' expected testimony, and an explanation of why the taking of

Cases (continued): Page/s

*Osborn v. Bank of the United States,*
   22 U.S. 738, 808 (1824) .................................................................................4
*Pennoyer v. Neff,*
   95 U.S. 714, 722 (1878) ............................................................................6, 7
*Sheldon v. Sill,*
   8 How. 441, 449, 12 L.Ed. 1147 (1850) .......................................................4
*Shoshone Mining Co. v. Rutter,*
   177 U.S. 505, 513 (1900) ..............................................................................3
*Slaughterhouse Cases,*
   83 U.S. (16 Wall.) 36, 116 (1872) .................................................................1
*The Mayor v. Cooper,*
   73 U.S. (6 Wall.) 247, 252, 18 L.Ed. (1867) .............................................4, 5
*United States v. Bevans,*
   16 U.S. (3 Wheat.) 336, 350 (1818) ..........................................................6, 7

Statutes:

26 U.S.C.:
   § 7402 .............................................................................................................3
   § 7403 .............................................................................................................3

28 U.S.C.:
   § 88 ..................................................................................................................8
   § 1340 .............................................................................................................3
   § 1345 .............................................................................................................3
   § 1391(e)(1)(A) ...............................................................................................8
   § 2201 .............................................................................................................1
   § 3002(8) ............................................................................................1, 2, 3, 7

Rules and Regulations:

Fed. R. Civ. P.:
   65(b) ................................................................................................................8
   65(c) ................................................................................................................8

Miscellaneous:

*Black's Law Dictionary*, Seventh Edition, Bryan A. Garner, Editor in Chief,
   (West Group: St. Paul, Minn, 1999), p. 856 .................................................2
Constitution of the United States .....................................................1, 2, 4, 5, 6, 7
   Article 1 § 8(17) .........................................................................................5, 6
   Article 4 § 3(2) ...........................................................................................5, 6

iii

subdivisions, agencies, commissions, employees, officers, independent contractors, representatives, and all persons in active concert or participation with Defendant. Within five (5) calendar days after this Order, Defendant shall provide Plaintiff with an affidavit identifying the name, title, address, and telephone number of the persons that Defendant has served with a copy of this Order in compliance with this provision.

**CORRESPONDENCE WITH PLAINTIFF**

IV. IT IS FURTHER ORDERED that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff John Parks Trowbridge, Jr. shall be sent via electronic transmission to: John Parks Trowbridge, Jr., 9816 Memorial Boulevard, Suite 205, Humble, Texas. Email: dr.john.parks.trowbridge.jr@gmail.com.

**DURATION OF ORDER**

V. IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire on the _____ day of _____ 2016, at _____ o'clock A.M. / P.M., unless within such time, the Order, for good cause shown, is extended for an additional period not to exceed fourteen (14) calendar days, or unless it is further extended pursuant to Federal Rule of Civil Procedure 65.

**ORDER TO SHOW CAUSE AND PRELIMINARY INJUNCTION HEARING**

VI. IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 65(b), Defendant shall appear before this Court on the _____ day of _____ 2016, at _____ o'clock A.M. / P.M. to show cause, if any there be, why this Court should not enter a preliminary injunction enjoining Defendant's conduct, as alleged in John Parks Trowbridge, Jr.'s complaint, and imposing such additional relief as may be appropriate.

Miscellaneous (continued):

Page/s

Constitution of the United States (continued):
    Fifth Article of Amendment ................................................................1
John Bouvier, *Bouvier's Law Dictionary*, Third Revision (Being the Eighth
    Edition), revised by Francis Rawle (West Publishing
    Co.: St. Paul, Minn., 1914) .......................................................2, 8, 10
The Federalist, No. 80 ...............................................................................4
*The unanimous Declaration of the thirteen united States of America* of July 4, 1776 .....1
    Preamble ..................................................................................................1
William Rawle, *A View of the Constitution of the United States of America*
    (Philip H. Nicklin, Law Bookseller: Philadelphia, 1829), p. 124. ...........2

iv

---

4. Weighing the equities and considering Plaintiff's likelihood of ultimate success, a TRO and other equitable relief is in the public interest.

5. Plaintiff has posted bond of _____, as set by order of the Court.

## ORDER

### PROHIBITION ON USE OF CERTAIN INSTRUMENTS TO ENFORCE CLAIMS

I. **IT IS THEREFORE ORDERED** that Defendant and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, instrumentality, department, subdivision, commission, agency, or other device, are hereby temporarily restrained and enjoined from using any 28 U.S.C. § 3002(8) judgment, obtained as a plaintiff in any civil action against John Parks Trowbridge, Jr. from a United States District Court purporting to exercise territorial jurisdiction in Tyler County, Texas, to enforce its federal tax liens against and foreclose upon and sell real property in Tyler County, Texas, belonging to John Parks Trowbridge, Jr.

### SERVICE OF THIS ORDER

II. **IT IS FURTHER ORDERED** that a copy of this Order may be served by facsimile, email, personal or overnight delivery or U.S. Express Mail by any Federal law enforcement agency or by private process server, on Defendant or any other person that may be subject to any provision of this Order.

### DISTRIBUTION OF ORDER BY DEFENDANT

III. **IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, Defendant shall provide a copy to each of its corporations, instrumentalities,

Page 2 of 5