THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Criminal Action |
| DWIGHT D. YORK, | : | No. 5:02-cr-27 (CAR) |
| | : | |
| Defendant. | : | |
| | : | |

_____

## ORDER AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT

Currently before the Court is the United States' Motion to Authorize Payment from Inmate Trust Account. The Government requests an order authorizing the Bureau of Prisons (BOP) to turnover to the Clerk of Court $10,732.00 in funds held in Defendant's inmate trust account as payment toward criminal monetary penalties imposed in this case. Defendant opposes this request. For the reasons set forth below, the Court **GRANTS** the Government's Motion [Doc. 528].

### BACKGROUND

On April 22, 2004, this Court sentenced Defendant to a total of 1,620 months imprisonment and 3 years supervised release. Additionally, the Court ordered Defendant to pay $566,066.00 in restitution and a $1,000.00 assessment. To date, Defendant has paid the assessment and has made restitution totaling $418,827.25. Thus, Defendant currently owes $147,238.75 for his restitution. He is currently paying $165.00

1

per month towards the restitution balance.

Defendant is currently a federal inmate incarcerated at the United States Administrative Maximum Penitentiary (ADX) in Florence, Colorado and is not scheduled to be released from federal custody until April 2122. He currently has over $12,000.00 in his inmate trust account maintained by the BOP. Since 2015, the BOP has encumbered $10,732.00 of those funds in anticipation of the funds being applied to Defendant's restitution balance. The Government has filed the current Motion asking the Court to authorize the BOP to turnover those funds to the Clerk of Court to apply to Defendant's balance.

Defendant opposes the turnover of his funds. Defendant states he is suffering from a life-threatening illness and is currently in active litigation with the BOP in the United States District Court in Colorado in which he contends the BOP has failed to provide him with constitutionally-required medical care. In that litigation, Defendant seeks a declaration that ADX is not an appropriate facility for him to complete his sentence because remaining at ADX could result in premature death. Defense counsel states the majority of the funds in Defendant's trust account were earmarked to reimburse counsel for fees incurred and services rendered in that litigation.

## DISCUSSION

The United States may enforce criminal restitution orders "against all property or

rights to property of the person" ordered to pay restitution unless exempted by statute.[1] Generally, a restitution order becomes a lien on all of the defendant's property and is treated the same as a tax lien under § 6334 of the Internal Revenue Code.[2] Importantly, 18 U.S.C. § 3664, which provides the procedures for issuing and enforcing a restitution order, states that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from <u>any source</u>, including inheritance, settlement, or other judgment, during a period of incarceration, such person <u>shall be required</u> to apply the value of such resources to any restitution or fine still owed."[3]

Here, the government has a valid lien on the funds in Defendant's inmate account, and the requested funds must be applied toward the balance of his restitution obligation. Defendant's arguments seeking to exempt the funds from turnover are both unpersuasive and without merit.

First, Defendant argues the Court should not turnover the funds because the Government's request is disingenuous. Defendant states the Government requested a lien on his account in 2015, but the BOP only responded to the Government's request and initiated the turnover after the BOP learned Defendant intended to use the funds for legal fees. Defendant's argument is inconsequential. Even if Defendant's contentions are true, the fact the United States delayed enforcement of its lien is irrelevant to the

---

[1] 18 U.S.C. § 3613(a); *id.* at § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution.").
[2] 18 U.S.C. § 3613(c).
[3] 18 U.S.C. § 3664(n) (emphasis added).

merits of its claim to now turnover the funds as payments towards Defendant's restitution obligation. Indeed, that the Government would <u>not</u> enforce its lien until such time as the owner seeks to transfer the property is a reasonable action.

Second, Defendant argues turning over his funds would cause him significant hardship because of his "deteriorating health," and the funds are necessary to support his litigation which "could be the difference between life and death."[4] Defendant's arguments, however, are neither supported by the record nor adequate reasons to exempt the funds from turnover under the law. First, the record contains no evidence to support Defendant's contention he suffers from a life-threatening medical condition, or any other life-threatening situation, for which he is not receiving adequate care and protection. Moreover, there is no exception enumerated under 18 U.S.C. § 3613(a)(1) that would except Defendant's inmate account from collection efforts or otherwise prioritize attorney's fees incurred in litigation related to a medical hardship over satisfaction of the restitution judgment. The categories of exempted property are (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments in support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job

---

[4] Defendant's Brief in Response to the United States' Motion, p. 4 [Doc. 532].

Training Partnership Act.[5] Defendant cannot properly claim his cash funds are exempt from payment of restitution.

Third, Defendant contends the Court lacks any authority to issue an order authorizing the BOP to turnover Defendant's funds. This argument, however, is unsupported and contrary to the law. Under 18 U.S.C. § 3613(c), the United States has a valid lien on Defendant's inmate account,[6] and it is authorized to utilize and enforce liens as part of the collections process under the Federal Debt Collection Procedures Act (FDCPA).[7] BOP policy requires a court order for funds to be withdrawn from BOP inmate accounts.[8] Thus, the Court has authority to order disbursement of the funds, and Defendant has cited no law to the contrary.

Finally, Defendant challenges the calculations in the original Restitution Order and Judgment and requests the Court unseal documents related to all restitution paid and removed from the Court registry, so his counsel may evaluate the disbursements made to Defendant's victims. Defendant, however, cannot collaterally challenge the validity of a restitution calculation; such challenges must be made on direct appeal.[9] Defendant did not appeal the Restitution Order in this case and thus has no standing to

---

[5] 18 U.S.C. § 3613(a)(1).
[6] *See* 18 U.S.C. § 3664(m)(1)(A), *citing* 18 U.S.C. § 3613(c) ("A fine . . . or order of restitution. . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the [IRS] Code of 1986").
[7] *See, e.g.,* 28 U.S.C. § 3202; *United States v. Ernst*, 2010 WL 3746950 (M.D. Fla., Sept. 21, 2010) ("The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.").
[8] *See* Bureau of Prisons Program Statement 4500.11, CN-1, Trust Fund Deposit Fund Manual, Chapters 10.1, 10.5(o).
[9] *See Cani v. United States*, 331 F.3d 1210, 1214 (11th Cir. 2003) (defendant's failure to appeal his restitution judgment was waiver of his right to object to the restitution calculation).

challenge it now. Defendant's request to unseal documents appears to relate solely to his challenges to the original restitution order; thus, the request appears irrelevant to this lien enforcement action, and Defendant has offered no explanation to the contrary. Defendant's request to unseal such documents is denied.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion to Authorize Payment from Inmate Trust Account [Doc. 528] and **HEREBY ORDERS AND DECREES THAT** pursuant to 18 U.S.C. § § 3613(a) and 3664(n):

(1) The Federal Bureau of Prisons is hereby authorized to release to the Clerk of this Court $10,732.00 in funds held in Defendant Dwight D. York's inmate trust account in order to reduce the balance Defendant owes as a result of criminal monetary penalties imposed in this case; and

(2) Defendant is DIRECTED to cooperate with the Bureau and take any steps necessary to effectuate such transfer.

**SO ORDERED**, this 18th day of December, 2017.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL, SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT