IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : | CASE NO. 5:02-CR-27 |
| DWIGHT D. YORK, | : : : | |
| Defendant. | : : | |

**MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT,
TOGETHER WITH MEMORANDUM IN SUPPORT**

COMES NOW, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, pursuant to 18 U.S.C. § 3613(a) and 3664(n), requests this Court to enter an Order authorizing the Bureau of Prisons to turnover to the Clerk of Court $7,000.00 in funds held in the inmate trust account for the above defendant as payment toward criminal monetary penalties imposed in this matter. In support of this motion, the government submits the following memorandum:

1.

On April 22, 2004, this Court sentenced the defendant to a total of 1,620 months imprisonment and 3 years supervised release. This Court ordered the defendant to pay $566,066.00 in restitution and a $1,000.00 assessment.

2.

To date, the defendant has paid a total of $436,004.25 in restitution. The current balance owed for restitution is $19,738.14. *See* Exhibit A (Defendant's history of payments).

3.

The defendant remains in federal custody and he is currently assigned to the United States Penitentiary (ADMAX Facility) in Florence, Colorado. The defendant is scheduled to be released from federal custody in July 2120.

4.

Presently, Defendant has $7,404.56 in his inmate trust account maintained by the Bureau of Prisons ("BOP").[1] As of September 2020, $7,404.56 of those funds have been encumbered by BOP in anticipation of said funds being applied to Mr. York's restitution balance.

5.

The procedures for the government to enforce criminal monetary penalties, such as restitution and criminal fines, are set forth in 18 U.S.C. §§ 3613(a) and 3613(f) (government enforces restitution in the same manner as a fine). In particular, the statute provides that a sentence imposing restitution constitutes a lien in favor of the government against all of the defendant's property and rights to property. 18 U.S.C. § 3613(c). Thus, the government's lien would attach to the defendant's interest in funds held by the BOP in his inmate trust account. *See also* 18 U.S.C. § 3613(a) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C. § 3664(m) (government may use all available and reasonable means to collect restitution).

6.

Under the Crime Victim Rights Act, the victims of the defendant's crime are entitled to full and timely restitution as provided by law. 18 U.S.C. § 3771(a)(6). Additionally, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA"), which applies here, requires that the defendant's resources received from any source during his term of incarceration must be

---

[1] The purpose of inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id*. Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R. § 540.23.

applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664, provides the procedures for the imposition and enforcement of restitution, stating:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources *from any source*, including inheritance, settlement or other judgment, during the period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n) (emphasis added). *See also United States v. Cunningham, et al.*, 866 F. Supp.2d 1050, 1061-62 (S.D. Iowa 2012) (entire amount of defendant's disability retirement payments could be garnished while defendant was incarcerated as necessary and appropriate to effectuate 18 U.S.C. § 3664(n) and the restitution order).

7.

The government submits that an order authorizing the turnover of the defendant's property is appropriate here and the government is not required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. The funds at issue currently are in the government's possession and the government has a valid lien over this property.

8.

Furthermore, because the property is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Those categories of exempted property, which are outlined in 18 U.S.C. § 3613(a)(1), are:

(1) wearing apparel and school books;

(2) fuel, provisions, furniture, and personal effects;

(3) books and tools of a trade, business or profession;

(4) unemployment benefits;

(5) undelivered mail;

(6) annuity or pension payments under certain, specified federal statutes;

(7) workmen's compensation;

(8) judgments in support of minor children;

(9) certain service-connected disability payments; and

(10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1).

Accordingly, the defendant cannot properly claim that the funds now sought are exempt from payment of restitution.

9.

The defendant also did not notify this Court that he recently received these funds as required by the restitution laws. In this regard, federal law states that the defendant must notify the Court and the United States Attorney's Office of any material change in his "economic circumstances" that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require. *Id*. Possession of funds received by the defendant in his trust account certainly constitutes a material change in his "economic circumstances" that affects his ability to pay restitution under 18 § 3664(k).

10

The government has served the defendant with a copy of this Motion, and he may object to the government's intended use of his property. The government also is not aware of any other party who may claim an interest in this property.

11.

The government submits that the requested relief is reasonable and appropriate in this instance. Without this relief, the BOP will be required to allow the defendant access to these

funds. This would allow the defendant, or others, the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

12.

The defendant is scheduled to remain incarcerated until 2120. He was convicted of serious offenses, and his restitution obligation has remained outstanding for many years. As long as the defendant remains incarcerated, his victims are entitled to a reasonable amount of the proceeds from his inmate trust account; the $7,000.00 now sought by the Government is a reasonable sum in that it leaves a balance for the defendant's use. Accordingly, the government requests that the Court grant this Motion.

WHEREFORE, for the reasons explained above, the United States requests that the Court grant this motion.

Respectfully submitted this 7th day of October 2020.

CHARLES E. PEELER
UNITED STATES ATTORNEY

By:   */s/ Kevin Abernethy*
Kevin Abernethy
Assistant U.S. Attorney
State Bar No. 142310
Post Office Box 1702
Macon, GA  31202-1702
(478) 621-2700

CERTIFICATE OF SERVICE

I, Todd Swanson, Assistant United States Attorney, hereby certify that on October 7, 2020, I electronically filed the within and foregoing Motion of the United States of America to Authorize Payment from Inmate Trust Account and Proposed Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Attorneys of record. Additionally, the following person at the address listed below has been served with the foregoing filing via first class mail:

    Dwight D. York
    Reg No. 17911-054
    USP Florence ADMAX
    U.S. Penitentiary
    P.O. Box 8500
    Florence, CO  81226

CHARLE E. PEELER
UNITED STATES ATTORNEY

By:    */s/ Kevin Abernethy*
    Kevin Abernethy
    Assistant U.S. Attorney
    State Bar No. 142310
    Post Office Box 1702
    Macon, GA  31202-1702
    (478) 621-2700