**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| **DWIGHT YORK,** | |
| *Petitioner,* | Case No. 5:02-cr-00027-CAR-CHW-1 |
| v. | |
| **UNITED STATES OF AMERICA,** | |
| *Respondent.* | |

**MOTION TO SEAL PETITION FOR HUMANITARIAN COMPASSIONATE RELEASE
AND SUPPORTING DOCUMENTS**

Petitioner Dwight York, through undersigned counsel, respectfully moves this Court for an order sealing his Petition for Humanitarian Compassionate Release and all supporting medical documents, records, and exhibits filed in support thereof. This motion is made pursuant to Local Rule 5.2 and the common law right of access to judicial records.

**I. GROUNDS FOR SEALING**

The petition and supporting documents contain highly sensitive personal medical information regarding Mr. York's diagnosis of Hereditary Angioedema, detailed medical history spanning over two decades, specific treatment protocols and medications, personal health records from the Mayo Medical Clinic and other healthcare providers, and documentation of ongoing medical episodes and symptoms. This information is protected under the Health Insurance Portability and Accountability Act (HIPAA) and constitutes private medical information entitled to confidentiality.

Additionally, the documents contain personal identifying information including Mr. York's date of birth, register number, specific facility location and housing details, family communications and personal correspondence, and other sensitive personal information that could compromise Mr. York's privacy and security interests.

**II. LEGAL STANDARD**

Under
*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), the decision to seal court records is within the sound discretion of the trial court. Courts may seal records when "compelling reasons supported by specific factual findings" outweigh the public's common law right of access.
*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984).

Medical records and personal health information constitute compelling reasons for sealing. Courts routinely grant motions to seal when medical records and private health information are at issue. The Eleventh Circuit has recognized that privacy interests in medical information are substantial and can justify sealing court records.

*See Romero v. Drummond Co.*, 552 F.3d 1303, 1309 (11th Cir. 2008).

## III. COMPELLING REASONS EXIST TO SEAL THE PETITION AND SUPPORTING DOCUMENTS

### A. Protection of Sensitive Medical Information

The petition necessarily includes extensive medical documentation to establish the extraordinary and compelling circumstances required for compassionate release. This includes detailed information about Mr. York's rare genetic disorder, specific diagnostic test results, treatment history including medications and dosages, descriptions of acute medical episodes, and physician assessments and recommendations.

Public disclosure of this highly personal medical information would violate Mr. York's privacy interests without serving any legitimate public interest. The information is not relevant to public oversight of the judicial system and serves no purpose other than satisfying idle curiosity about Mr. York's private medical condition.

### B. Protection of Personal Identifying Information

The documents contain personal identifying information that could compromise Mr. York's security and privacy if publicly disclosed. As an incarcerated individual, Mr. York has heightened security and privacy concerns. Public disclosure of detailed personal information could create safety risks.

### C. No Prejudice to Public Interest

Sealing the petition and supporting documents will not prejudice any legitimate public interest. The Government will have full access to all documents for purposes of responding to the petition. The Court will have complete access to all materials necessary to adjudicate the motion. The only information being withheld from public view is Mr. York's private medical records and personal information, which serve no legitimate public interest.

The public's interest in monitoring the judicial system can be adequately served through access to non-sealed procedural filings, public docket entries, and any ultimate ruling by the Court, which can be issued in a manner that protects Mr. York's medical privacy.

## IV. PROPOSED PUBLIC FILING

To balance Mr. York's privacy interests with the public's right of access, Petitioner proposes filing a redacted public version of the petition that removes specific medical details, test results, treatment information, and personal identifying information while preserving the general nature of the legal arguments and relief requested. This approach will allow public access to the general substance of the proceedings while protecting Mr. York's sensitive personal and medical information.

## V. CONCLUSION

Mr. York's substantial privacy interests in his confidential medical records and personal information constitute compelling reasons to seal the Petition for Humanitarian Compassionate Release and supporting documents. The public interest in access to court records does not extend to private medical information that serves no legitimate purpose beyond idle curiosity. Sealing is necessary to protect Mr. York's constitutional and statutory privacy rights while allowing the Court and Government full access to all relevant materials.

**RELIEF REQUESTED**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Grant this Motion to Seal;

2. Order that the Petition for Humanitarian Compassionate Release and all supporting medical documents, records, and exhibits be filed under seal;

3. Authorize Petitioner to file a redacted public version of the petition; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Charles Tucker Jr., Esq.,
Charles Tucker Jr., Esq.
Tucker McCann Law Group LLP
4933 Auburn Avenue 2nd Floor
Bethesda, MD 20814
O: 301-338-6331
E: ctucker@tuckermccanngroupllp.onmicrosoft.com
*Lead Attorney for Petitioner*

Dated: February 11, 2026

/s/Judith Delus Montgomery., Esq.
Judith Delus Montgomery., Esq.
Managing Partner
Atlanta Family & Immigration Law
1690 Chantilly Dr.
Atlanta, GA, 30324
Office No.: 678-601-5580
Email: lawoffice@judithdeluspa.com
Bar No: 470122
*Local Attorney for Petitioner*

Dated: February 13, 2026