IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA
     Plaintiff,

vs.                                                                          No. 5:02-cr-00027-CAR-CHW-1

DWIGHT YORK,
Register Number: 17911-054
     Defendant.

ORDER REGARDING EXTRAJUDICIAL STATEMENTS
BY SHERIFF HOWARD R. SILLS AND OTHER COVERED PARTICIPANTS

Upon consideration of Defendant's Motion for Protective Order Regarding Extrajudicial Statements, the record, and the arguments of counsel, the Court finds that continued extrajudicial statements by covered law enforcement and trial participants create a substantial likelihood of materially prejudicing these proceedings, affecting venue, influencing witnesses, inflaming public sentiment, and undermining the fair administration of justice.

The Court further finds that the present record includes evidence of repeated public commentary by law-enforcement participants associated with the York matter over an extended period of years, including inflammatory statements concerning the seriousness of alleged conduct, punishment, release, and related matters. The Court finds that a narrowly tailored participant-directed order is necessary and that less restrictive measures, standing alone, are not presently sufficient to prevent continuing prejudice.

Accordingly, IT IS HEREBY ORDERED that this Order binds the following persons: Putnam County Sheriff Howard R. Sills; any deputy sheriff, investigator, spokesperson, employee, officer, or agent of the Putnam County Sheriff's Office acting under his authority or in connection with this matter; counsel of record; parties; investigators and agents acting under the direction of

counsel; and any witness who has been advised of this Order.

No person bound by this Order shall make, authorize, encourage, or facilitate any extrajudicial statement that a reasonable person would expect to be publicly disseminated if that statement concerns: opinions regarding guilt or innocence; disputed factual assertions; credibility of any witness, party, or alleged victim; nonpublic evidence; plea-related commentary beyond the public record coupled with argumentative or inflammatory characterization; punishment, release, or future detention advocacy; or any matter reasonably likely to materially prejudice these proceedings or interfere with venue, witness integrity, or the fair administration of justice.

This Order does not apply to the press or public generally. It does not prohibit neutral procedural statements, scheduling statements, requests for public assistance that do not include prohibited commentary, statements made in open court, or references to matters contained in public court records.

Any alleged violation may be addressed by motion and hearing, and the Court may impose such sanctions as are authorized by law.

SO ORDERED, this _____ day of _____, 20__.

_____
U. S. District Judge