IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 5:02-CR-00027-CAR-CHW-1 |
| | : | |
| DWIGHT D. YORK | : | |

---

Response of the United States to
Defendant's Objection to the Government's Response (ECF 582)

---

On July 2, 2026, the government responded to Defendant Dwight D. York's motion for compassionate release. (ECF 581.) York now objects to that response on the ground that "it was not filed under seal." (ECF 582.) York's objection is meritless. The government's response brief—which discussed only publicly available information and did not disclose or reveal any nonpublic information—was not required to be filed under seal. The government thus violated neither the letter nor the spirit of any order of the Court when it filed its response brief in a publicly accessible manner.

In February 2026, York's initial counsel "move[d] this Court for an order sealing his Petition for Humanitarian Compassionate Release and all supporting medical documents, records, and exhibits filed in support thereof." (ECF 555 at 1, 3.) A month later, his counsel supplemented that motion, seeking approval for *York to file under seal*, among other things, "[a]ny and all future filings, motions, responses, replies, orders, exhibits, and supporting materials related to [York]'s compassionate release/humanitarian release proceedings in this matter." (ECF 558 at 1.) The stated reason for York's

request: "The documents and filings referenced above contain sensitive *medical information*, *personal health records*, and *other private and confidential information* pertaining to [York]'s health condition and medical history." (ECF 558 at 1–2) (emphasis added).

The Court granted York's motion for leave to file under seal, as supplemented, on the ground that "these documents"—the ones identified by York—"*may contain* York's medical history, treatment, and other related medical information." (ECF 560) (emphasis added). Thus the Court said that "[a]ny future supporting documents related to the compassionate release motion *are* [] *authorized* to be filed under seal." (ECF 560 at 1) (emphasis added).

Then in May 2026, in connection with York's first amended motion for compassionate release (ECF 574)—the operative one, which is currently pending before the Court—York's current counsel filed yet another motion for leave to file the amended motion and its supporting exhibits under seal. (ECF 573.) In that motion, York's counsel sought "leave to file [York]'s First Amended Motion for Compassionate Release and supporting exhibits under seal" because those documents, he stressed, "contain sensitive and confidential information, including, but not limited to, medical records, mental health information, Bureau of Prisons records, personal identifying information, and other matters implicating [York]'s privacy interests." (ECF 573 at 1, 2.) He thus sought *permission* to file those documents under seal. (ECF 573-1.)

The Court again granted that motion, stating in a text-only order that

York "*may* file under seal his First Amended Motion for Compassionate Release and any supporting exhibits." Dkt. Ent. 5/18/26 (emphasis added).

Respectfully, no order of the Court *required* the government's response brief to be filed under seal. True, it arguably would have come within the scope of the Court's March 18, 2026, order *if* it had contained any references to "York's medical history, treatment, and other related medical information" (ECF 560)—the kind of information that animated the sealing authorization. But it didn't. The government has instead opposed York's motion for compassionate release solely on the ground that the sentencing factors in 18 U.S.C. § 3553(a) counsel strongly—decisively—against his release from prison.

The government has expressly disavowed taking any position on York's alleged medical conditions. (ECF 581 at 3 n.2.) Thus nowhere in its response brief did the government quote from any medical records or nonpublic materials. Nor for that matter did the government so much as mention or identify *what* medical conditions York claims to suffer from. Instead, the matters discussed in the government's response brief are all a matter of public record. And York can claim no privacy interest in facts concerning the nature and character of his crimes, all of which information is in the public domain.

"[Judicial] records are presumptively available to the public under the common law so that the judicial process can remain accessible and accountable to the citizens it serves." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). Judicial records can be

withdrawn from public view only upon a showing of "good cause" by the party seeking to shield them from the public. *Id.* That showing requires the Court to "balance[e] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* York has not shown good cause for sealing the government's response brief and withdrawing it from public view. Its presumptive public availability thus remains intact.

For these reasons, the Court should overrule York's objection.

July 6, 2026

WILLIAM R. KEYES
UNITED STATES ATTORNEY

/s/ Stuart E. Walker
Stuart E. Walker
Assistant United States Attorney
Georgia Bar No. 141620

United States Attorney's Office
Middle District of Georgia
300 Mulberry Street, Suite 400
P.O. Box 1702
Macon, Georgia 31202
478-621-2611
stuart.walker@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the Response of the United States to Defendant's Objection to the Government's Response (ECF 582) with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

July 6, 2026

WILLIAM R. KEYES
UNITED STATES ATTORNEY

/s/ Stuart E. Walker
Stuart E. Walker
Assistant United States Attorney
Georgia Bar No. 141620

United States Attorney's Office
Middle District of Georgia
300 Mulberry Street, Suite 400
P.O. Box 1702
Macon, Georgia 31202
478-621-2611
stuart.walker@usdoj.gov